# Exhibit A

Thomas E. Campagne, #065375
Justin T. Campagne, #211825
Campagne, Campagne, & Lerner
A Professional Corporation
Fresno Airport Office Center
1685 North Helm Avenue
Fresno, California 93727
Telephone: (559) 255-1637
Facsimile: (559) 252-9617

CLERK OF THE SUPERIOR COURT
BY ________ DEPUTY

Attorneys for Plaintiffs Karen Crane-McNab, LLC; Bert Crane Orchards, L.P.; Mary Crane Couchman Trust; and Mary Crane Couchman Family Partnership, L.P.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF MERCED**

**CIVIL DIVISION**

| | |
|---|---|
| KAREN CRANE-MCNAB, LLC; BERT CRANE ORCHARDS, L.P.; MARY CRANE COUCHMAN TRUST; and MARY CRANE COUCHMAN FAMILY PARTNERSHIP, L.P.,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF MERCED, and DOES 1 to 20,<br><br>Defendants. | Case No. CU151353<br><br>**COMPLAINT FOR:**<br>1. Violation of Due Process Clause of the Fourteenth Amendment and Title 42 U.S.C. Section 1983<br>2. Strict Liability<br>3. Negligence<br>4. Violation of Due Process Clause of the California Constitution, Article 1, Section 7, against Defendant County of Merced<br>5. Inverse Condemnation<br>6. Trespass<br>7. Nuisance<br>8. Declaratory Relief<br><br>**AND**<br><br>**REQUEST FOR JURY TRIAL** |

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

Plaintiffs Karen Crane-McNab, LLC; Bert Crane Orchards, L.P.; Mary Crane Couchman Trust; and Mary Crane Couchman Family Partnership, L.P. (hereinafter collectively referred to as "*Plaintiffs*"), hereby avers and alleges as follows.

## I. INTRODUCTION

1. This action arises from the Defendant County of Merced's (hereinafter referred to as "*Defendant*") interference with the Plaintiffs' use and enjoyment of their property rights. The activities have interfered with the Plaintiffs' rights, and although the Defendant has been made aware of such damages and interference, the Defendant still refuses to cease its activities, thereby forcing the Plaintiffs to file and pursue the instant action.

## II. PARTIES

2. Plaintiffs are, and at all relevant times herein were, the owners of the below described property located in Merced County, California, and do business in the County of Merced.

3. Plaintiffs are informed and believe and on that information and belief hereby allege that Defendant County of Merced is, and at all times herein was, a county duly organized under the laws of the State of California.

4. The true names and capacities (whether individuals, corporate or otherwise) of the Defendants who are sued herein as Does 1 through 20 inclusive ("*Does*") are presently unknown to Plaintiffs; therefore Plaintiffs now sue those Defendants by fictitious names. Plaintiffs will amend this Complaint to state the true capacities of such fictitiously named Doe Defendants, when their names and identities are ascertained. Plaintiffs are informed and believe and on that basis allege that all the fictitiously named Doe Defendants, and each of them, have taken some part in the acts or omissions complained of herein, or are otherwise responsible in some manner for the wrongful conduct herein alleged, and have caused injury in this County. Plaintiffs are informed and believe and on that information and belief hereby allege that each named Defendant and each fictitiously named Doe Defendant acted as an agent, employee,

CAMPAGNE, CAMPAGNE & LESHER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

subsidiary, alter ego, or representative, of each and every other Defendant, or in concert with each and every other Defendant, and acted in the course and scope of said agency, employment, subsidiary relationship, alter ego, or representation, or in concert at all relevant times herein.

5. Plaintiffs are informed and believe and on that information and belief hereby allege that each named Defendant and each fictitiously named Defendant acted as an agent, employee, subsidiary, alter ego, or representative, of each other Defendant, or in concert with each other Defendant, and acted in the course and scope of said agency, employment, subsidiary relationship, alter ego, or representation, or concert at all relevant times herein; so that all Defendants are jointly and severally liable for each others conduct and omissions.

## II. JURISDICTION

6. The Plaintiffs are informed and believe, and on that information and belief hereby allege, that all property which is the subject of this action is located in the County of Merced, State of California. Venue is proper in this Court based on the fact that the land and each of the Defendants reside, have their principal place of business, and/or conduct substantial activities (including the tortuous conduct that is the subject of this Complaint) in the County of Merced. Further, the amount of damages that the Defendant owes to the Plaintiffs at the date of this filing is far in excess of the Court's jurisdictional amount.

## IV. BACKGROUND ALLEGATIONS

### A. The Highway 59 Landfill.

7. The Plaintiffs own property within one-half mile to the Defendants' Highway 59 Landfill, more particularly described (upon information and belief) as:

a. Lot 1, APN: 052-150-013
b. Lot 2, APN: 052-150-012
c. Lot 3, APN: 052-150-010
d. Lot 17, APN: 052-150-009
e. Lot 18, APN: 052-150-011
f. Lot 59, APN: 052-070-013
g. Lot 60, APN: 052-070-011

Campagne, Campagne & Lerner
A Prof. Corp.
Airport Office Center
1685 North Helm Avenue
Fresno, California 93727
Telephone (559) 255-1637
Fax (559) 252-9617

8. Defendant County of Merced owns and operates a landfill located at 6040 N. Highway 59 in Merced County (hereinafter "*Highway 59 Landfill*" or "*Landfill*").

9. Plaintiffs' real property is located in close proximity to the Landfill, and borders the Landfill.

10. In or about September 2006, the Merced County Board of Supervisors approved a Final Environmental Impact Report ("FEIR") for the proposed expansion of the Landfill. Included among the FEIR's provisions was a mitigation measure requiring Merced County to acquire, by use of eminent domain, easements restricting residential development on property within one-half mile of the existing landfill.

11. This mitigation measure requiring acquisition of residential development easements was supposed to be implemented prior to expansion of the Landfill.

12. On May 15, 2007, the Merced County Board of Supervisors adopted Resolution 2007-57. A copy of this Resolution is attached hereto as **Exhibit A** and incorporated herein by reference. This resolution was adopted after the County had failed to satisfy the requirement that it acquire residential easements on the surrounding properties prior to expansion of the Landfill. Instead of acquiring said easements, as mandated by the FEIR, the County adopted a "*development policy in lieu of eminent domain*." Under this "*policy*," the County ceased on-going negotiations with property owners to purchase development easements, and instead simply mandated that owners "*dedicate*" their residential development rights within one-half mile of the Landfill to the County.

13. Plaintiffs are informed and believe and, on that information and belief, allege that this "*policy*" of mandating dedication of residential easements to the County of Merced was adopted without evidentiary findings and for the sole and express

Campagne, Campagne & Lerner
A Prof. Corp
Airport Office Center
1685 North Helm Avenue
Fresno, California 93727
Telephone (559) 255-1637
Fax (559) 252-9617

purpose of avoiding payment of just compensation to affected property owners, as required by law.

14. In addition, Plaintiffs are informed and believe, and on that basis allege, that the Board of Supervisors of the County of Merced are considered adding an addendum to the FEIR for the proposed expansion of the Landfill, in lieu of the forced "*dedication*" of residential easements currently mandated under Resolution 2007-57. Under the proposed addendum, property owners would be required to disclose to any potential purchasers of residential buildings within one-quarter mile of the landfill the fact that the landfill exists. This disclosure must be made prior to the sale of other conveyance of the residential property. The proposed addendum does not include any evidentiary findings as to why such a disclosure is necessary, and/or why the disclosure extends to a full one-quarter mile. Plaintiffs believe that the only conceivable purpose for such a "*disclosure requirement*" is to scare off potential purchasers of residential development near the landfill, thereby effectively condemning the property and creating a "*buffer zone*" around the landfill without the County having to purchasing residential easements, as required by the original FEIR.

15. Further, Plaintiffs are informed and believe and, on that information and belief, allege that through operation of the Highway 59 Landfill, Defendants have discharged pollutants into the soil and water of Plaintiffs' property, substantially damaging and diminishing the value of said property. Plaintiffs are further informed and believe, and on that information and belief, allege that the proposed expansion of the Landfill will cause additional and new damage to portions of Plaintiffs' property. Defendants' landfill is a continual source of odor and windblown refuse, which pollutes the surface of the subject property, substantially diminishing its value and utility for commercial purposes. Plaintiffs allege that this pollution caused by Defendants constitutes a nuisance and trespassory invasion of Plaintiffs' property. Plaintiffs have received no compensation for the damage to, and reduced value of, their property.

\\\

Campagne, Campagne & Lerner
A Prof. Corp.
Airport Office Center
1685 North Helm Avenue
Fresno, California 93727
Telephone (559) 255-1637
Fax (559) 252-9617

16. Plaintiffs are informed and believe, and on that information and belief allege that agents and employees of Defendant County of Merced frequently enter onto the Plaintiffs property from Defendant's property without the Plaintiffs' permission or authorization. Plaintiffs are informed and believe, and thereupon allege that said employees are acting with the full knowledge and consent of Defendant County of Merced, and within the scope of their employment duties.

17. Plaintiffs are also informed and believe that Defendant County of Merced has altered the natural drainage patters, and otherwise directed surface waters, including but not limited to the installment of culvert(s) to direct surface waters, from the Defendant's property to the Plaintiffs' property.

18. Plaintiffs are further informed and believe that Defendant County of Merced has maintained its property in a way that increases the number of rodents, coyotes, insects, and other vermin in the vicinity of Defendant County of Merced's property. Said vermin have damaged the Plaintiff's agricultural property, including but not limited to their irrigation system, trees, and related equipment.

**B. Canal Creek Waterway.**

19. Plaintiffs own real property in Merced County, upon information and belief, believed to be more particularly described as:

a. Lot 23, APN 052-080-008-000
b. Lot 24, APN 052-080-007-000
c. Lot 25, APN 052-080-006-000
d. Lot 26, APN 052-080-015-000
e. Lot 27, APN 052-080-014-000
f. Lot 28, APN 052-080-013-000
g. Lot 29, APN 052-080-012-000
h. Lot 30, APN 052-050-030-000
i. Lot 30, APN 052-080-011-000
j. Lot 31, APN 052-080-009-000
k. Lot 39, APN 052-040-080-000
l. Lot 39, APN 052-090-036-000
m. Lot 40, APN 052-040-084-000
n. Lot 40, APN 052-090-037-000
o. Lot 43, APN 052-040-078-000
p. Lot 44, APN 052-050-031-000
q. Lot 44, APN 052-040-079-000
r. Lot 48, APN 052-050-026-000
s. Lot 47, APN 052-050-027-000

Campagne, Campagne & Lerner
A Prof. Corp.
Airport Office Center
1685 North Helm Avenue
Fresno, California 93727
Telephone (559) 255-1637
Fax (559) 252-9617

t. Lot 47, APN 052-080-016-000
u. Lot 48, APN 052-050-026-000
v. Lot 49, APN 052-050-025-000
w. Lot 50, APN 052-050-032-000
x. Lot 51, APN 052-050-024-000
y. Lot 52, APN 052-050-023-000
z. Lot 53, APN 052-050-022-000
aa. Lot 55, APN 052-050-021-000
bb. Lot 56, APN 052-050-033-000
cc. Lot 56, APN 052-080-019-000
dd. Lot 57, APN 052-080-020-000
ee. Lot 57, APN 052-050-034-000
ff. Lot 58, APN 052-060-015-000
gg. Lot 58, APN 052-080-021-000
hh. Lot 58, APN 052-070-012-000
ii. Lot 58, APN 052-050-035-000

20. Plaintiffs are informed and believe, and on that information and belief allege that the County of Merced operates and maintains a waterway commonly known as Canal Creek and Edendale Creek.

21. Defendant County of Merced has placed on the Plaintiffs' lands numerous piles of debris, dead-fall, garbage it has collected from the Canal Creek and Edendale Creek Waterways and possibly other locations, without the Plaintiffs' consent, promise, and/or authorization. Despite Plaintiffs repeated requests, Defendant County of Merced has refused and failed to discontinue the practice or otherwise dispose of said debris. Further, said debris has resulted in unreasonable and excessive amount of flooding and water retention, killing portions of Plaintiffs' almond orchards.

22. Further, despite the Plaintiffs' repeated requests, Defendant County of Merced has failed and refused to maintain adequate gates, locks, and other security means in place, which has resulted in numerous third parties entering the Defendant's property, as well as the Plaintiffs' property, from the waterway.

**C. California Law.**

23. California Penal Code Section 374.3 provides, in relevant part, that it is unlawful to dump waste matter on private property without the consent of the owner. As alleged above, the Defendant violated this statute by intentionally placing garbage and debris from the Defendant's property and placing it onto the Plaintiffs' property, so as to

Campagne, Campagne & Lerner
A Prof. Corp.
Airport Office Center
1685 North Helm Avenue
Fresno, California 93727
Telephone (559) 255-1637

avoid incurring the expense of properly disposing of the material. The Plaintiffs are members of the class of persons that this statute was designed to protect.

24. California Penal Code Section 374.4 provides, in relevant part, that it is unlawful to litter on private property. As alleged above, the Defendant violated this statute by intentionally taking garbage and debris, including pollutants, from the Defendant's property and intentionally placing it on the Plaintiffs' property, so as to avoid incurring the expense of disposing of the material properly.

25. California Penal Code Section 374.8 provides, in relevant part, that it is unlawful to deposit hazardous substances on the land of another. As alleged above, the Plaintiffs are informed and believe that the Defendant violated this statute by intentionally placing hazardous matter on the Plaintiffs' property, so as to avoid incurring the expense of disposing of the material properly. The Plaintiffs are members of the class of persons that this statute was designed to protect.

26. California Penal Code Section 602(c) provides, in relevant part, that it is unlawful to maliciously injure the freehold of another, anything attached to the freehold, and its produce. As alleged above, the Defendant's activities maliciously injured the Plaintiffs' private property, and thus violated this statute. The Plaintiffs are members of the class of persons that this statute was designed to protect.

27. California Penal Code Section 602(j) provides, in relevant part, it is unlawful to enter the land of another with the purpose or intent of interfering with the lawful business of another. As alleged above, the Defendant violated this statute when it entered onto the Plaintiffs' property. The Plaintiffs are members of the class of persons that this statute was designed to protect.

28. California Penal Code Section 602(l) provides, in relevant part, that it is unlawful to enter real property without the consent of the owner. As alleged above, the Defendant violated this statute when it entered on the Plaintiffs' property, without consent, to place various items of garbage and debris on the Plaintiffs' real property,

rather than incur the expense of disposing of the material properly. The Plaintiffs' are members of the class of persons that this statute is designed to protect.

29. California Civil Code Section 851 provides, in relevant part, that a potentially responsible party who is aware of a release of hazardous material must provide owners of the site with a release report. The Defendant has failed to provide a release report to the Plaintiffs regarding the hazardous materials released onto the Plaintiffs' property. The Plaintiffs are members of the class of persons that this statute was designed to protect.

30. California Civil Code Section 3479 provides, in relevant part, that it is an unlawful nuisance to obstruct the free use of property and interfere with the comfortable enjoyment of life or property. As alleged above, the Defendant has engaged in multiple activities, including intentionally placing garbage and debris onto the Plaintiffs' property, rather than incur the expense of properly disposing of it, which obstructs the Plaintiffs' free use, access, and enjoyment of their property. The Plaintiffs have spent a great deal of time and resources disposing of said debris. The Plaintiffs are members of the class of persons that this statute is designed to protect.

31. California Health & Safety Code Sections 25189(c) and 25189(d) provide, in relevant part, that a person may not dispose of hazardous waste in a non-authorized location. As alleged above, Plaintiffs are informed and believe that the Defendant violated this statute by intentionally placing hazardous waste on the Plaintiffs' property (a non-authorized disposal site) rather than incur the expense of disposing of the material properly. The Plaintiffs are members of the class of persons this statute was intended to protect.

32. Further, because the Defendant has trespassed and interfered with the Plaintiffs' property and caused the garbage and debris to enter onto the Plaintiffs' property, as described throughout this Complaint, the Plaintiffs are entitled to recover reasonable attorneys' fees pursuant to Code of Civil Procedure Section 1021.9 as the Plaintiffs' property is used in connection with agricultural endeavors.

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637

33. The Plaintiffs are informed and believe, and on that information and belief hereby allege that each named Defendant and each fictitiously named Defendant acted as an agent, employee, subsidiary, alter ego, or representative, of each other Defendant, or in concert with each other Defendant, and acted in the course and scope of said agency, employment, subsidiary relationship, alter ego, or representation, or concert at all relevant times herein; so that all Defendants are jointly and severally liable for each others conduct and omissions.

34. Plaintiffs are informed and believe and on that information and belief allege that Defendant County of Merced and the Merced County Board of Supervisors are fully aware of the statutory and constitutional requirements alleged herein, but have acted in concert, and with full knowledge and intent, to violate these statutory and constitutional principles, in an illegal and unconscionable effort to destroy the rights of the property owners in the subject property and similarly situated individuals and properties. Plaintiffs are informed and believe that Defendant County of Merced has already been sued by other parties for similar conduct.

**FIRST CAUSE OF ACTION**
**(Violation of Due Process Clause of the Fourteenth Amendment of the United States, and Title 42 U.S.C. §1983 against Defendant County of Merced)**

35. Plaintiffs hereby incorporate as if fully set forth herein, all the factual allegations contained within this Complaint.

36. Plaintiffs are informed and believe and, on that information and belief, allege that Defendant County of Merced is a "*person*" within the meaning of that term within Title 42 U.S.C. Section 1983.

37. Plaintiffs are informed and believe and, on that information and belief, allege that the Defendant did the acts and omissions alleged in this Complaint under color of State law within the meaning of that term Title within 42 U.S.C Section 1983; and that such Defendant, by mandating the dedication of residential development easements to the County of Merced, without actual notice and opportunity to be heard,

Campagne, Campagne & Lerner
A Prof. Corp.
Airport Office Center
1685 North Helm Avenue
Fresno, California 93727
Telephone (559) 255-1637
Fax (559) 252-9617

and by invading and damaging Plaintiffs' real property, all without paying just compensation, has acted in contravention of law and under the color of governmental authority, and has violated the Plaintiffs' due process rights under the Fourteenth Amendment of the United States Constitution.

38. The Defendant, by the acts and omissions under color of law as alleged in this Complaint; and in failing to pay just compensation after having deprived Plaintiffs of the essential attributes of ownership of their property, have acted in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution; and 42 U.S.C. 1983.

39. Plaintiffs are informed and believe and, on that information and belief, allege that the Defendant undertook the acts and omissions alleged in this Complaint, as a matter of policy, through deliberate indifference to the rights of the Plaintiffs and similarly situated property owners.

40. Plaintiffs are informed and believe and, on that information and belief, allege that Defendant County of Merced and Does 1 through 20 acted in concert and conspiracy, with sufficient nexus, or symbiosis, or joint action, or public function, as to the acts and omission alleged in this Complaint so that, as provided by settled principles of law, Does 1 through 20 are liable to Plaintiffs under Title 42 U.S.C. Section 1983.

41. The Defendants did the acts and omissions alleged in this Complaint with full knowledge and intent, and in an illegal and unconscienciable effort to destroy the rights of Plaintiffs in the subject real property and to procure such property rights for themselves. These Defendants did so with the specific intent and purpose of depriving Plaintiffs of their interest in the subject real property, their statutory rights, and their constitutional rights, all to obtain the property rights for themselves without paying any just compensation to Plaintiffs as required by law.

42. For the reasons outlined above, these Defendants should be permanently enjoined from the policy, practice and pattern of violating the constitutional and statutory provisions as alleged in this Complaint, and further, these Defendants are

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

liable to Plaintiffs for damages, and Plaintiffs request an award of attorneys' fees, pursuant to Title 42 U.S.C. Sections 1983 and 1988.

WHEREFORE, Plaintiffs pray for judgment against Defendants as set forth below.

**SECOND CAUSE OF ACTION**
**(Strict Liability Against Defendant County of Merced)**

43. Plaintiffs hereby incorporate as if fully set forth herein, all the factual allegations contained within this Complaint.

44. The Plaintiff is informed and believe, and on that information and belief alleges, that the Defendant's conduct included "*flushing*" and/or other draining of the Defendant's water, pollutants, and/or otherwise directing the Defendant's garbage, excess waters, and debris directly onto the Plaintiffs' property.

45. As a result of the Defendant's conduct, the Plaintiffs' have been damaged.

46. The Defendant's conduct further amounts to the kind of harm to the Plaintiffs that would be anticipated as a result of the risk created by the periodic flushing of waters and introduction of garbage, debris, and pollutants from the Defendant's property onto the Plaintiffs' property.

WHEREFORE, Plaintiffs pray for judgment against Defendants as set forth below.

**THIRD CAUSE OF ACTION**
**(Negligence Against Defendant County of Merced)**

47. Plaintiffs hereby incorporate as if fully set forth herein, all the factual allegations contained within this Complaint.

48. The Plaintiffs are informed and believes, and on that information and belief alleges, that the Defendant negligently controlled, managed, or otherwise conducted its acts and/or omissions resulting in the conduct described above, including the placement of waters, soil, and pollutants onto the Plaintiffs' property, interfering with the Plaintiffs' use and enjoyment of their property.

CAMPAGNE, CAMPAGNE & LEOVER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

49. The Plaintiffs are informed and believe, and on that information and belief alleges, that the Defendant was and is aware of the placement of waters, soil, garbage, debris, and pollutants on the Plaintiffs' property and the dangers and interference created thereby, and have negligently failed and/or refused to properly remediate the interference and/or danger caused by such acts.

50. As a proximate result of the Defendant's breach of the duty of care, the Plaintiffs have suffered property damage to their property.

WHEREFORE, Plaintiffs pray for judgment against Defendants as set forth below.

**FOURTH CAUSE OF ACTION**
**(Violation of Due Process Clause of the California Constitution, Article 1, Section 7, Against Defendant County of Merced)**

51. Plaintiffs hereby incorporate as if fully set forth herein, all the factual allegations contained within this Complaint.

52. The California Constitution, Article 1, Section 7 requires that before taking an action that will effect protected property interests, such as the interests of Plaintiffs, Defendant County of Merced must provide notice reasonably calculated under all circumstance to apprise Plaintiffs of the pending action and to afford them an opportunity to present their objections.

53. Based on the acts and omissions alleged herein, the Defendant failed to provide actual notice and opportunity to be heard before an impartial hearing body, prior to Defendants' deprivation of Plaintiffs' rights in the subject property, as required by the California Constitution and statutory provisions alleged herein, and this violated Plaintiffs' due process rights under the California Constitution.

WHEREFORE, Plaintiffs pray for judgment against Defendants as set forth below.

\\\

\\\

\\\

Caswell, Campagne & Lorenzo
A Prof. Corp.
Airport Office Center
1685 North Helm Avenue
Fresno, California 93727
Telephone (559) 255-1637

**FIFTH CAUSE OF ACTION**
**(Inverse Condemnation under United States Constitution, Fifth Amendment; California Constitution, Article 1, Section 19; Against Defendant County of Merced)**

54. Plaintiffs hereby incorporate as if fully set forth herein, all the factual allegations contained within this Complaint.

55. The Fifth Amendment of the United States Constitution, Title 42 U.S.C. Section 1983, and the California Constitution, Article 1, Section 19, prohibit Defendant County of Merced from taking or damaging Plaintiffs' interest in the property for a public use without the payment of just compensation.

56. Based on the acts and omissions alleged in this Complaint, Defendants have invaded and appropriated a valuable property interests of Plaintiffs. As a result, Plaintiffs have been damaged and wrongly deprived of their valuable rights of ownership in the subject real property. The forced dedication of a residential development easement to Merced County deprives Plaintiffs of substantially all economically beneficial use of the subject property. The developmental policy in Resolution 2007-57 was adopted without evidentiary findings and with no justification other than to avoid paying just compensation. Resolution 2007-57 contains no provision for seeking or obtaining compensation for the deprivation of Plaintiffs' aforementioned property rights. As such, it comprises a regulatory taking of property for public use without just compensation.

57. Further, the proposed addendum to the Highway 59 Landfill FEIR, requiring "*disclosure*" to potential purchasers of residential development near the landfill, is not accompanied by any evidentiary findings regarding its purpose or necessity. This "*disclosure*" requirement would substantially decrease the value of subject properties, including those owned by Plaintiffs, and would effectively allow the County to condemn Plaintiffs' property without paying just compensation, as required by law.

58. Pollutants discharged from Defendants' Highway 59 Landfill have damaged the soil and subterranean water of Plaintiffs' property. Odors and wind-blown refuse emanating from the Highway 59 Landfill continually invade Plaintiffs' property,

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

and Defendants' have allowed such invasion and pollution to occur by failing to take reasonable precautions and reasonable control over their land. Defendants' pollution and trespassory invasion, as described in this Complaint, of Plaintiffs' property has resulted in a substantial interference with property.

59. As a result of the above-described acts and omissions, Plaintiffs have been damaged in an amount to be ascertained, including but not limited to the lost rental value of the property, and the necessary costs to remediate the contamination to allow agricultural and/or other commercially-productive uses of the property.

60. Plaintiff has received no compensation for the damage Defendants have caused to the Property.

61. Pursuant to California Code of Civil Procedure Section 1036 and Title 42 U.S.C. Section 1983 and 1988, Plaintiffs are entitled to reimbursement of reasonable cost disbursements and expenses, including reasonable attorneys' fees, incurred by the Plaintiffs because of the instant proceeding.

WHEREFORE, Plaintiffs pray for Judgment against such Defendants as set forth below.

**SIXTH CAUSE OF ACTION**
**(Trespass against Defendant County of Merced)**

62. Plaintiffs hereby incorporate as if fully set forth herein, all the factual allegations contained within this Complaint.

63. Defendant County of Merced has continued, to the present, to trespass on Plaintiffs' property through (1) the discharge of pollutants from Defendant's landfill into the property's soil, (3) the continuous depositing of windblown refuse and debris from Defendant's landfill onto Plaintiffs' property, and (3) the frequent venturing onto Plaintiffs' property by employees and agents of Defendant County of Merced.

64. County of Merced's trespassory invasions, as alleged above, have damaged the subject property in that they have rendered the property unfit for agricultural and/or other commercially-valuable uses. Further, Plaintiffs will be forced to incur costs

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

necessary to remediate the contamination to allow the property to be used for productive purposes, and to remove garbage and debris from Defendant's landfill that Defendant has allowed to pollute the property.

65. Plaintiff has incurred and will incur attorney's fees because of this proceeding, in an amount that cannot yet be ascertained, which are recoverable in this action pursuant to Code of Civil Procedure §1021.9.

**SEVENTH CAUSE OF ACTION**
**(Nuisance against Defendant County of Merced)**

66. Plaintiffs hereby incorporate as if fully set forth herein, all the factual allegations contained within this Complaint.

67. At all relevant times, Defendant County of Merced has conducted its business of operating the Highway 59 Landfill in such a manner as to constitute a private nuisance, as defined by California Civil Code §§ 3479-3481, in that: (1) Defendant has caused and permitted toxins and pollutants to discharge from its landfill, thereby damaging the soil of Plaintiffs' property and rendering it unfit for agricultural or other commercial purposes; (2) Defendant has caused and allowed garbage and debris from Defendant's landfill to collect onto Plaintiffs' property; (3) noxious fumes, odors, and chemicals emitted by Defendant's landfill are borne by prevailing winds onto Plaintiffs' property, creating an annoyance and health hazard; and (4) Defendant allows and/or directs its agents and employees to venture onto Plaintiffs' property without Plaintiffs' authorization or permission. Said acts and omissions by Defendant County of Merced substantially interfere with Plaintiffs' use and enjoyment of their property.

68. Defendant is creating the above-described nuisance as the result of unnecessary, unreasonable, and injurious methods of operation of its landfill.

69. As a proximate result of the above-described nuisance, Plaintiffs have been, and will be, damaged in an amount to be determined at trial in that Plaintiffs' property has been substantially diminished in value because of its proximity to the

Campagne, Campagne & Lodge
A Prof. Corp.
Airport Office Center
1685 North Helm Avenue
Fresno, California 93727
Telephone (559) 255-1637
Fax (559) 252-9617

nuisance, and that Plaintiffs must incur costs necessary to remediate the damage caused to the property by Defendant's operation of its landfill.

70. Based on the acts and omissions alleged in this Complaint, an award of attorneys' fees in favor of Plaintiff is appropriate under Code of Civil Procedure §1021.5 because Plaintiff is seeking enforcement of important rights affecting the public interest, and a significant benefit will be conferred on the general public or a large class of persons, the necessity and the financial burden of private enforcement make an award of attorneys' fees appropriate, and such fees should not, in the interest of justice, be paid out of any recovery Plaintiff may obtain.

**EIGHTH CAUSE OF ACTION**
**(Declaratory Relief against the Defendant)**

71. Plaintiffs hereby incorporate as if fully set forth herein, all the factual allegations contained within this Complaint.

72. An actual controversy has arisen and now exists between Plaintiffs and Defendant County of Merced concerning the parties' respective rights and duties and interests in the subject property.

73. Plaintiffs desire a judicial determination as to the existence of ownership, title, and other rights, in the subject property and a declaration as to the parties' rights relating thereto. A judicial declaration is necessary and appropriate at this time under the circumstances so that Plaintiffs may ascertain their rights concerning the subject real property. The claims of Defendant County of Merced to a residential development easement are without merit; and Defendants in fact have no right, title, estate or interest in the above-described property.

WHEREFORE, Plaintiffs pray for judgment against Defendants as set forth below.

\\\

\\\

\\\

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-2637
FAX (559) 252-9617

**REQUEST FOR JURY TRIAL**

Plaintiffs hereby respectfully requests that a Jury Trial be held in this matter.

**PRAYER**

WHEREFORE, the Plaintiff prays against the Defendants as follows:

1. For damages, in an amount not yet ascertained, for the reasonable rental value representing the value of the lost use of the Property, for the cost of remediating the Property, and for the cost of removing Defendants' debris, garbage, and other property and disposing of it; with interest thereon at the legal rate from the date of the damages;

2. For an order barring the Defendants, their employees, agents, and other third parties acting on their behalf, and all persons having knowledge of the order, from trespassing on the property, depositing surface water, debris, garbage and/or any other items or effluent on the Plaintiffs' property, or otherwise invading or interfering with the property;

3. That Defendants, and each of them, and their successors in interest to their real property, and their agents, employees, representatives, family members, and all other persons acting at their direction or on their behalf or in concert with them, and all persons having knowledge of this injunction, be permanently enjoined and restrained from:

a. Physically entering onto, or discharging any substance into, the Plaintiff's property described above; <u>including</u> (but not limited to) <u>enjoined from</u> depositing any water items onto Plaintiff's property;

b. Physically trespassing or damaging or threatening to trespass or damage or causing harm or physical contact to any person or to property in and about the Plaintiff's premises described above.

c. Willful disobedience of any part of the above orders and/or injunctions shall be deemed a contempt of this Superior Court, subject to criminal prosecution, and that the appropriate law enforcement officials are directed to take such

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

actions that may appear necessary, including, but not limited to, arresting all violators in order to ensure full and complete obedience and compliance with all provisions of this order. Thus, this order shall be enforced by all law officers in the State of California. All persons having knowledge of this order are advised that violation of this injunction or any portion of this order is a misdemeanor, pursuant to Penal Code §166(4).

4. For declaratory relief that the Defendants have no ownership, title, and/or right to use the Plaintiff's property and no right or entitlement to discharge waste, debris, water, garbage or other pollutants onto the Plaintiffs' property, and a declaration as to the parties rights relating thereto;

5. For general, specific, and special damages in an amount to be proven at trial;

6. For attorney's fees and costs against Defendant County of Merced, including any expert witness fees incurred herein in an amount to be proven at trial (pursuant to CCP §§1021.9 and 1021.5; Title 42 U.S.C. §1988);

7. For the cost of suit incurred herein;

8. For such other and further relief as the Court deems proper.

Dated: June 23, 2008

Respectfully Submitted,

Campagne, Campagne, & Lerner
A Professional Corporation

By______________________
Justin T. Campagne
Attorneys for Karen Crane-McNab, LLC; Bert Crane Orchards, L.P.; Mary Crane Couchman Trust; and Mary Crane Couchman Family Partnership, L.P.

jfh:McNab, Karen/Hwy 59 Inv. Condemnation/Pleadings/Complaint

# EXHIBIT A

BEFORE THE BOARD OF SUPERVISORS
OF THE COUNTY OF MERCED, STATE OF CALIFORNIA

In the Matter of

| | | |
|---|---|---|
| ADOPTING A DEVELOPMENT POLICY RESTRICTING RESIDENTIAL DEVELOPMENT RIGHTS WITHIN ONE-HALF MILE OF THE HIGHWAY 59 LANDFILL EXPANSION AREA | ) | RESOLUTION NO. 2007-57 |

WHEREAS, the Board of Supervisors has been designated as the governing body for land use policies within the County of Merced, State of California; and,

WHEREAS, the Final Environmental Impact Report (FEIR) for the expansion of the Highway 59 Landfill was adopted by the Board of Supervisors in September 1996, and;

WHEREAS, FEIR contained a mitigation measure with respect to residential development close to the Landfill, stipulating the County obtain residential development right easements within one-half mile of the expansion area by purchase, and/or some other method which achieves this purpose; and,

WHEREAS, residential restriction easement values were determined based on certified appraisals and offers were made to the property owners, for the purpose of purchasing residential development right easements within one-half mile of the expansion area; and,

WHEREAS, the offers for purchase are in the process of being negotiated and such negotiations have not been concluded with the property owners; and,

WHEREAS, the County wishes to create a development policy in lieu of eminent domain, to satisfy the mitigation measure to acquire residential development rights within one-half mile of the expansion area of the Highway 59 Landfill; and,

WHEREAS, a duly noticed and advertised public hearing was held by the Board of Supervisors on May 15, 2007 at 6:00 p.m. to take public testimony regarding the development policy; and,

WHEREAS, said development policy will require a property owner to offer for dedication residential development rights to the County, within one-half mile of the expansion area of the Highway 59 Landfill, at the time a property owner receives discretionary land use entitlement approval.

NOW, THEREFORE, THE BOARD OF SUPERVISORS OF THE COUNTY OF MERCED RESOLVES AS FOLLOWS:

1. As and for full satisfaction of the mitigation measure in the 1996 Final Environmental Impact Report for the Highway 59 Landfill expansion, the Board of Supervisors hereby declares that it is the policy of the County of Merced to restrict residential development within one-half mile of the Highway 59 Landfill expansion area.

2. Owners of real property within ½ mile of the Highway 59 Landfill expansion area are required to offer to the County for dedication residential development rights on that portion of their real property that lies within one-half mile of the expansion area of the Highway 59 Landfill at such time as said property owners receive discretionary land use entitlement approvals specific to residential development on such real property. The residential use restriction will only be required if the property owner applies for and receives discretionary land use entitlements specific to residential subdivision application or an application that requires a Zone Change or General Plan Amendment.

I, DEMITRIOS O. TATUM, Clerk of the Board of Supervisors of the County of Merced, do hereby certify that the foregoing resolution was regularly introduced, passed and adopted by said Board at a regular meeting thereof held on 15th day of May, 2007 by the following vote:

SUPERVISORS:

AYES: John Pedrozo, Kathleen M. Crookham, Michael G. Nelson, Deidre F. Kelsey, Jerry O'Banion

NOES: NONE

ABSENT: NONE

WITNESS my hand and the Seal of this Board this 15th day of May, 2007.

DEMITRIOS O. TATUM, CLERK

By [signature]
Deputy