**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAREN CRANE-MCNAB, LLC, et al., | CASE NO. CV F 08-1218 LJO SMS |
| Plaintiffs, | **ORDER ON DEFENDANT'S SECOND MOTION TO DISMISS** (Doc. 13, 16) |
| vs. | |
| COUNTY OF MERCED, | |
| Defendant. / | |

**INTRODUCTION**

Plaintiffs[1] initiated this action against defendant County of Merced ("County"), asserting federal and state law causes of action based on the following groups of allegations: (1) County passed a resolution, requiring Plaintiffs to notify prospective property purchasers that the County's landfill is nearby, to deprive Plaintiffs of their land value without just compensation; (2) County's landfill has released, and continues to release, hazardous chemicals onto the Plaintiffs' adjacent property; and (3) County's operation of the Edendale Creek and Canal Creek waterways has left, and continues to leave, garbage and debris on Plaintiffs' property. County moves to dismiss, pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6), Plaintiffs' claims on several grounds. In addition, County moves for a more definite statement, pursuant to Rule 12(e). For the following reasons, this Court GRANTS in part and DENIES in part County's motions.

---

[1] Plaintiffs are Karen Crane-McNab, LLC, Bert Crane Orchards, LP, Mary Crane Couchman Trust, and March Crane Couchman Family Partnership, LP.

# BACKGROUND[2]

County owns and operates a landfill located at 6040 N. Highway 59 in Merced County, California ("Highway 59 Landfill" or "Landfill"). Plaintiffs own real property located within one-half mile of, and bordering, the County's Highway 59 Landfill. County's operation of, and efforts to expand, the Landfill form the basis of this action.

## Disclosure Requirement

In September 2006, the County Board of Supervisors approved a Final Environmental Impact Report ("FEIR") for a proposed expansion of the Highway 59 Landfill. The FEIR included a mitigation measure to require the County to acquire, by eminent domain, easements restricting residential development on property within one-half mile of the existing landfill. This mitigation measure was to be implemented prior to the Landfill expansion. County did not acquire easements of Plaintiffs' property located within one-half mile of the Highway 59 Landfill.

The County Board of Supervisors thereafter adopted an "addendum" to the FEIR, as Resolution 2008-112, on June 12, 2008, which reads:

> A disclosure statement shall be provided to all prospective buyers or tenants of residential properties within one-quarter (1/4) mile of the proposed landfill area. The statement shall inform residents within one-quarter (1/4) mile that the landfill is active, will continue to operate, and that operations from the landfill could be noticeable to those residents.[3]

The adoption of Resolution 2008-112 rendered the original FEIR mitigation measure unnecessary, and invalidated Resolution 2007-57.[4] Plaintiffs believe that County passed the disclosure requirement to discourage potential development on their land and to create a buffer zone around the Landfill. Plaintiffs assert that the disclosure requirement substantially decreases the value of the subject properties and allows County to condemn Plaintiffs' property without paying just compensation.

---

[2] On a motion to dismiss, the Court considers as true the factual allegations in the complaint. *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). Accordingly, the facts derive from Plaintiffs' complaint.

[3] The Court takes judicial notice of Resolution 2008-112, pursuant to Fed. R. Evid. 201. The Court will refer to the contents of Resolution 2008-112 as the "disclosure requirement."

[4] Resolution 2007-57, which the County described as a "development policy in lieu of eminent domain," mandated property owners within one-half mile of the Landfill to "dedicate" their residential developmental rights within one-half mile of the Landfill to the County. Resolution 2007-57 was in effect from May 17, 2007 through June 17, 2008.

### Landfill Operations

Plaintiffs allege that through the operation of the Highway 59 Landfill, County has discharged pollutants into the soil, water, and air that caused property damage, extreme and imminent peril, injury and fright to Plaintiffs. Plaintiffs assert that County deliberately and fraudulently releases hazardous materials, including, but not limited to dichlorodifluoromethane ("DCFM"), trachloroethane, trichlorofluoromethane ("Freon II"), benzene, ethylbenzene, toluene, vinyl chloride, zylenes, and MTBE. Plaintiffs contend that the wind carries debris, garbage, and rubbish from the Landfill onto Plaintiffs' property, causing a continuous source of odor and windblown refuse. Plaintiffs aver that the County has altered the natural drainage patterns and re-directed surface waters. In addition, Plaintiffs allege that County's agents and employees enter onto Plaintiffs' property from the Landfill, without Plaintiffs' permission or authorization but with County's full knowledge and consent.

### Waterway Maintenance

The Edendale and Canal Creeks run through Plaintiffs' property. Plaintiffs claim that through negligent creek maintenance, County placed on the Plaintiffs' lands numerous piles of debris, dead-fall, and garbage without authorization and despite Plaintiffs' repeated requests to discontinue the practice. Plaintiffs contend that the debris caused excessive amounts of flooding and water retention and killed portions of Plaintiffs' almond orchards. Plaintiffs assert that the County refuses to maintain adequate security measures which has caused third parties to enter Plaintiffs' property from the waterway.

### Procedural History

Plaintiffs initiated this action on June 26, 2008, in the State of California, County of Merced Superior Court (Case No. CU15353). In the first amended complaint ("FAC"), filed September 15, 2008, Plaintiffs assert ten causes of action:

1. Inverse Condemnation under U.S. Constitution, Fifth Amendment and California Constitution, Art. 1, sec. 19;
2. Trespass;
3. Nuisance;
4. Fraud and Decide by Concealment and Suppression of Fact;
5. Negligence;
6. Negligence–Failure to Warn;
7. Due Process Clause of the Fourteen Amendment, U.S. Constitution and 42 U.S.C. 1983
8. Strict Liability;
9. Due Process Clause of the California Constitution, Art. 1, sec. 7; and
10. Declaratory Relief.

County moved to dismiss this action on September 25, 2008. Plaintiffs opposed the motion on October 7, 2008. County replied on October 20, 2008. The Court found this motion suitable for decision without a hearing and vacated the October 27, 2008 hearing pursuant to Local Rule 78-230(h).

## DISCUSSION

### Rule 12(b)(6) Motion To Dismiss Standards

A Rule 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). "However, conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

With these standards in mind, this Court turns to County's arguments.

### Statute of Limitations

County relies on superceded law to argue that a claim raised pursuant to 42 U.S.C. §1983 must be filed within one year from the date of the alleged violation. *Wilson v. Garcia*, 105 U.S. 1938 (1985). The statute of limitations in a 42 U.S.C. §1983 suit is that provided by the forum state for personal injury torts. *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1095 (2007). As of January 1, 2003, the California statute of limitations for personal injury claims is two years, not one. Cal. Civ. Proc. Code §335.1. Therefore, Plaintiffs' claims are not barred by the statute of limitations.

### Exhaustion of Administrative Remedies

County argues that Plaintiffs failed to allege compliance with the California Tort Claims Act, including exhaustion of administrative remedies. In fact, Plaintiffs' FAC alleges that "[o]n or about

April 17, 2008, Plaintiffs' [sic] submitted a claim to the Defendant pursuant to the Tort Claims Act, setting forth substantially the same factual contentions and claims against the Defendant as set forth in this Complaint. Defendant denied Plaintiffs' claim, thus inviting this suit." FAC ¶39. Therefore, Plaintiffs unambiguously alleged compliance with the California Tort Claims Act.

## Ripeness

County argues that Plaintiffs' seventh (federal due process) and ninth (state due process) causes of action are not ripe for determination. County's ripeness arguments focus solely on Plaintiffs' Resolution 2007-57 and Resolution 2008-112 (collectively referred to as "County resolutions") allegations. With respect to Resolution 2007-57, County points out that Plaintiffs failed to allege that they submitted a development plan to County and that County rejected said plan.[5] Plaintiffs' constitutional claims based on Resolution 2008-112 are unripe, County argues, because Plaintiffs failed to allege that they provided a disclosure statement to prospective buyers or tenants of residential properties within one-quarter mile of the Landfill.

In opposition, Plaintiffs ignore County's arguments as they relate to the County resolutions. Plaintiffs' opposition to County's ripeness argument, in its entirety, reads:

> Here, the Plaintiffs have alleged concrete and particularized injuries resulting from [County's] trespasses onto the Plaintiffs' property and the County's discharge of toxic pollutants and other debris onto the Plaintiffs' property, all of which has damaged the property without the payment of just compensation. These claims are for the redress of past and ongoing injuries; they do not seek an advisory opinion on uncertain or contingent future events that may never occur. Further, this Court is the most appropriate, and indeed the only institution that can address these claims at this particular time. Thus, Plaintiffs' [seventh and ninth causes of action are] indeed ripe for judicial review. (Pl. Opp., 7-8, 9).

By failing to oppose County's ripeness arguments as they relate to the County resolutions allegations, Plaintiffs concede that the constitutional claims are unripe as to these allegations. *See Coos County Board of County Comm'rs v. Kempthorne*, 531 F.3d 792, 813 n. 16 (9th Cir. 2008) (argument abandoned where it is "sketchily-made" by "fleeting" reference) (internal citations omitted); *see also*, Pl. Opp., 7 (Plaintiffs recognize that their "federal due process claim is based in large part on the

---

[5] The mandatory dedication mitigation measure of Resolution 2007-57 required real property owners to dedicate their residential development rights "if the property owner applies for and receives discretionary land use entitlements specific to residential subdivision application or an application that requires a Zone Change or General Plan Amendment."

County's physical invasions of Plaintiffs' property and the resultant damages inflicted upon the land."). Accordingly, Plaintiffs' seventh and ninth causes of action are dismissed to the extent that they rely on allegations related to the County's Resolution 2007-57 and Resolution 2008-112.[6]

### Public Entity Tort Liability

Plaintiffs assert state tort causes of action against County, including trespass (second), fraud (fourth), and negligence (fifth and sixth). County contends that Plaintiffs' tort causes of action fail to allege a necessary statutory basis for the County's tort liability. Plaintiffs counter that California law imposes a "mandatory duty" on County for each of the tort claims asserted.

The California Tort Claims Act, Cal. Gov. Code, §§ 810, et. seq., does not provide that a public entity is liable for its own conduct or omission to the same extent as a private person or entity. *Zelig v. County of Los Angeles*, 27 Cal.4th 1112, 1128 (2002). California Government Code section 815(a) provides that a "public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person," "[e]xcept as otherwise provided by statute." Certain statutes provide expressly for public entity liability in circumstances that are somewhat parallel to the potential liability of private individuals and entities, but the Tort Claims Act's intent "is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances." *Brown v. Poway Unified School Dist.*, 4 Cal.4th 820, 829 (1993). Accordingly, in California, "all governmental tort liability is dependant upon the existence of an authorizing statute or 'enactment.'" *Searcy v. Hemet Unified School Dist.*, 177 Cal. App. 3d 792, 798 (1986).[7]

Plaintiffs contend that County is liable for the each of tort causes of action, because County was under a mandatory duty to act, in accordance Cal. Gov. Code §815.6. A three-pronged test determines

---

[6] Because this Court dismisses, as unripe, Plaintiffs' seventh and ninth causes of action to the extent they rely on the County resolutions allegations, this Court does not reach County's standing argument (which focuses exclusively on Plaintiffs' County resolutions allegations) and does not address County's motion for judicial notice. Similarly, the Court need not address whether Plaintiffs failed to exhaust administrative remedies relating to the resolutions.

[7] Cal. Gov. Code §815.6 provides: Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty.

whether liability may be imposed on a public entity pursuant to Cal. Gov. Code sec. 815.6: (1) the statute which was violated imposed a mandatory, rather than a discretionary, duty; (2) the statute was intended to protect against the type of harm the plaintiff suffered; (3) breach of the statute's mandatory duty proximately caused the injury plaintiffs suffered. *Walt Rankin & Assocs., Inc. v City of Murrieta*, 84 Cal. App. 4th 605, 614 (2000); *Braman v. State of California*, 28 Cal. App. 4th 344, 349 (1994).

"In order to recover plaintiffs have to show that there is some specific statutory mandate that was violated by the County, which violation was the proximate cause of the [harm]." *Washington v. County of Contra Costa*, 38 Cal. App. 4th 890, 896-97 (1995). A court first determines whether a statute "imposes direct liability" on a defendant public entity. *Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1111 (2004). "[D]irect tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions of [California] Civil Code section 1714." *Eastburn v. Regional Fire Protection Authority*, 31 Cal.4th 1175, 1183 (2003). "[B]ecause under the Tort Claims Act all governmental tort liability is based on statute, the general rule that statutory causes of action must be pleaded with particularity is applicable." *Lopez v. So. Cal. Rapid Transit Dist.*, 40 Cal.3d 780, 795 (1985). Thus, "to state a cause of action against a public entity, every fact material to the existence of its statutory liability must be pleaded with particularity." *Peter W. v. San Francisco Unified Sch. Dist.*, 60 Cal.App.3d 814, 819 (1976).

**Trespass**

Plaintiffs argue that their trespass (second) cause of action is based on "numerous mandatory statutory duties designed to protect property owners...from trespass, contamination, and the types of property damage alleged in the complaint, including Cal. Penal Code §§374.3, 374.4, 374.8, 602(c), 602(j) 602(l); Cal. Civ. Code §§851 and 3479; and Cal. Health & Safety Code §§25189(c) and (d). Plaintiffs fail to demonstrate how their cited California Penal Code, Civil Code and Health and Safety Code sections impose a mandatory duty on County. County correctly notes that Plaintiffs offer no authority for the proposition that the sections mandate a duty on County to support a tort claim. In the

absence of sufficient support, the trespass cause of action is subject to dismissal.[8]

## Fraud and Negligence Claims

Plaintiffs base their fourth (fraud), fifth (negligence) and sixth (negligence–failure to warn) causes of action on Cal. Health & Safety Code §§25359.4, 25359.5 and Cal. Civ. Code §851. Plaintiffs point out that Cal. Health & Safety Code §25359.4 imposes a mandatory duty that County "shall not release, or allow or cause a release of, a reportable quantity of a hazardous substance into the environment." Cal. Health & Safety Code §25359.5 requires a county health officer to order a site to be secured after a preliminary determination is made that there has been a release of hazardous materials. County does not meaningfully challenge the mandatory duties imposed on the County by the Health and Safety Code statutes. Accordingly, Plaintiffs fourth through sixth causes of action state a claim to the extent they rely on Cal. Health & Safety Code §§25359.4 and 25359.5, as those statutory sections impose a mandatory duty on County, the breach of which gives rise to a private right of action pursuant to Cal. Gov. Code §815.6.

Although Plaintiffs rely on Cal. Civ. Code §851 in their opposition, Plaintiffs fail to demonstrate that the statute imposes a mandatory duty on County. As discussed more fully above, this Court will not construct an argument to satisfy Plaintiffs' burden. Therefore, Plaintiffs fourth through sixth causes of action are dismissed to the extent they rely on Cal. Civ. Code §851.

## More Definite Statement

County seeks a more definite statement of Plaintiffs' FAC, pursuant to Rule 12(e). A Rule12(e) motion for a more definite statement is proper where a pleading is so vague or ambiguous that a party cannot prepare a response reasonably. *Famalore, Inc. v. Edison Bros. Stores*, 525 F. Supp. 940, 949 (E.D. Cal. 1981). County claims that the FAC is ambiguous because Plaintiffs do not allege with clarity or specificity their ownership of the various lands indicated. County contends that it cannot determine which lots were allegedly damaged by its Landfill operations and which were allegedly damaged by its

---

[8] County argues that there is no private right of action to enforce the penal code. Plaintiffs point out that Cal. Gov. Code sec. 815.6 creates a private right of action to enforce a statute against a public entity where the entity is under a "mandatory duty" imposed by statute. "When an enactment establishes a mandatory governmental duty and is designed to protect against the particular kind of injury the plaintiff suffered, section 815.6 provides that the public entity "is liable" for an injury proximately caused by its negligent failure to discharge the duty. *It is section 815.6, not the predicate enactment, that creates the private right of action*." *Haggis v. City of Los Angeles*, 22 Cal. 4th 490, 499-500 (2000) (italics in original).

1 maintenance of irrigation canals.

2     County has "fair notice" of the claims Plaintiffs allege. *See Bell Atl. Corp. v. Twombly*, –U.S. –, 127 S. Ct. 1955 (2007); Rule 8(a). Plaintiffs have made clear their claims for relief in the FAC, as County's motion to dismiss demonstrates. *C.f., Bautista v. Los Angeles County*, 216 F.3d 837 (9th Cir. 2000). Moreover, Plaintiffs identify the lots that they claim to be affected by the various allegations against County. Directly under a subheading labeled "The Highway 59 Landfill," Plaintiffs list by lot number and APN each lot they own that they allege has been damaged by County's landfill operations. FAC ¶7. Those lot numbers are followed by the factual allegations regarding the operation of the Landfill. FAC ¶¶ 8-21. Under a separate subheading labeled "Canal Creek Waterway," Plaintiffs list by lot number and APN each lot they own that they allege to be damaged by County's waterway operations. FAC ¶22. Plaintiffs follow those lot numbers with factual allegations regarding County's waterway operations. FAC ¶¶23-25. Accordingly, County's motion for a more definite statement is properly denied where, as here, the complaint is specific enough to apprise the defendant of the substance of the claim being asserted. *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1461 (C.D. Cal. 1996).

## CONCLUSION AND ORDER

For the foregoing reasons, this Court:

1. DENIES County's motion to dismiss on statute of limitations and failure to exhaust administrative remedies grounds;

2. GRANTS in part County's motion to dismiss and DISMISSES Plaintiffs' seventh (federal due process) and ninth (statue due process) causes of action to the extent they rely on Plaintiffs' County resolutions allegations;

3. GRANTS County's motion to dismiss Plaintiffs' second (trespass) cause of action without prejudice;

4. GRANTS in part and DENIES in part County's motion to dismiss Plaintiffs' fourth (fraud), fifth (negligence) and sixth (negligence–failure to warn) causes of action. Plaintiffs' fourth through sixth causes of action state a claim to the extent they rely on Cal. Health & Safety Code §§25359.4 and 25359.5, but Plaintiffs' claims are dismissed

1       without prejudice to the extent they rely on Cal. Civ. Code §851;

2     5.     DENIES County's motion for a more definite statement; and

3     6.     ORDERS Plaintiffs to file and serve a second amended complaint no later than November 7, 2008.

IT IS SO ORDERED.

**Dated:**   **October 27, 2008**         **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE