# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN CRANE-MCNAB, LLC, et al., | CASE NO. CV F 08-1218 LJO SMS |
| Plaintiffs, | **ORDER ON DEFENDANTS' PARTIAL MOTION TO DISMISS THIRD AMENDED COMPLAINT** (Doc. 47) |
| vs. | |
| COUNTY OF MERCED, | |
| Defendant. | |

## INTRODUCTION

Plaintiffs Karen Crane-McNab ("Ms. Crane-McNab"), Bert Crane ("Mr. Crane"), Mary Crane-Couchman ("Ms. Crane-Couchman"), as individuals, Karen Crane-McNab LLC, Bert Crane Orchards, L.P.; Mary Crane Couchman Trust; and Mary Crane Couchman Family Partnership, L.P. (collectively "Plaintiffs") assert ten causes of action against defendant County of Merced ("County") in their third amended complaint ("TAC"). By notice on February 27, 2009, County moves to dismiss Ms. Crane-McNab, Mr. Crane, and Ms. Crane-Couchman, as individuals, in the second through sixth, eighth and ninth causes of action, for failure to exhaust administrative remedies. In opposition, Ms. Crane-McNab, Mr. Crane and Ms. Crane Couchman argue that they complied substantially with California's Government Claims Act. For the following reasons, this Court GRANTS County's motion to dismiss Ms. Crane-McNab, Mr. Crane and Ms. Crane Couchman from the causes of action based on state law.

# Background

This action arises out of County's alleged interference with Plaintiffs' property rights. County owns and operates a landfill located at 6040 N. Highway 59 in Merced County, California. Plaintiffs own real property located within one-half mile of, and bordering, the County's Highway 59 Landfill. County's operation of, and efforts to expand, the Landfill form the basis of this action.

Plaintiffs assert the following causes of action against County:

1. Inverse Condemnation under United States Constitution, Fifth Amendment; California Constitution, Art. 1, Sec. 19;
2. Trespass;
3. Nuisance;
4. Fraud and Deceit by Concealment;
5. Negligence;
6. Negligence–Failure to Warn;
7. Violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983;
8. Strict Liability;
9. Violation of the Due Process Clause of the California Constitution, Art. 1, Section 7; and
10. Declaratory Relief.

Plaintiffs initiated this action on June 26, 2008, in the State of California, County of Merced Superior Court (Case No. CU15353). The action was removed to this Court on August 14, 2008. United States Magistrate Judge Sandra M. Snyder granted Plaintiff's motion to amend the second amended complaint on February 6, 2009. Plaintiffs filed the TAC on February 17, 2009, which names Ms. Crane-McNab, Mr. Crane, and Ms. Crane-Couchman as plaintiffs for the first time. This motion followed. Having considered the moving, opposition, and reply papers, this Court finds this motion suitable for decision without oral argument, vacates the March 30, 2009 hearing, pursuant to Local Rule 78-230(h), and issues the following order.

///

///

## DISCUSSION

### Fed. R. Civ. P. 12(b)(6) Motion To Dismiss Standards

A motion to dismiss, pursuant to Fed R. Civ. P. 12(b)(6), is a challenge to the sufficiency of the pleadings set forth in the complaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In resolving a Fed. R. Civ. P. 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). This Court is limited to assessing the legal sufficiency of allegations contained within four corners of complaint. *Jojola v Chavez*, 55 F.3d 488 (10th Cir. 1995); *see also*, *Balisteri*, 901 F.2d at 699. However, there are two exceptions to the requirement that consideration of extrinsic evidence converts a motion to dismiss to a summary judgment motion. *Lee*, 250 F.3d at 688. First, judicially noticed facts may be considered on a motion to dismiss. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). Federal Rule of Evidence 201 allows for judicial notice to be taken of facts that are "not subject to reasonable dispute" because it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." This Court may take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence 201. *MGIC Idem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Second, a court may consider "material which is properly submitted as part of the complaint." *Branch v. Tunnell*, 14 F.3d 449, 453 (9tn Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). "If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity...is not contested and the plaintiff's complaint necessarily relies on them." *Lee*, 250 F.3d at 688 (internal quotations and citations omitted).

///

**Failure to Exhaust of Administrative Remedies**

County argues that Ms. Crane-McNab, Mr. Crane, and Ms. Crane-Couchman must be dismissed from the second through sixth, eighth, and ninth causes of action for failure to comply with the California Government Claims Act. County contends that because Ms. Crane-McNab, Mr. Crane, and Ms. Crane-Couchman did not file an administrative claim, they are barred from bringing a lawsuit against County.

The California Government Claims Act requires Plaintiffs to exhaust their administrative remedies before pursuing causes of action rooted in state law against County. Cal. Gov. Code §905; *see also, Williams v. Horvath*, 16 Cal. 3d 834, 840 (1976) (California's tort claim requirement is inoperative in a 42 U.S.C. §1983 action). "Before suing a public entity, the plaintiff must present a timely written claim for damages to the entity." *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 208 (2007) (citing Cal. Gov. Code §911.2). Timely presentation of the claim is a "condition precedent to plaintiff's maintaining an action against defendant" and is, thus, an element of plaintiff's cause of action. *State of California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1240 (2004).

Plaintiffs' TAC alleges that "[o]n or about April 17, 2008, Plaintiffs' [sic] submitted a claim to the Defendant pursuant to the Tort Claims Act, setting forth substantially the same factual contentions and claims against the Defendant as set forth in this Complaint. Defendant denied Plaintiffs' claim, thus inviting this suit." TAC ¶35. This Court is not required to accept as true allegations contradicted by judicially noticed facts. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). As discussed more fully above, this Court may take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence 201 and documents upon which the complaint necessarily relies." *Lee*, 250 F.3d at 688; *MGIC Idem. Corp.*, 803 F.2d at 504.

County submits judicially-noticeable documents to support its claim that the individually-named plaintiffs did not file a tort claim against County. First, County submits an April 17, 2008 letter from Justin T. Campagne, counsel for Plaintiffs, entitled "Re: <u>Tort Claim</u>" ("Tort Claim"). In the Tort Claim, the plaintiffs/claimants are identified as Karen Crane-McNab, LLC, Bert Crane Orchards, L.P., Mary Crane Couchman Trust; and Mary Crane Couchman Family Partnership, L.P. Next, County submits an April 17, 2008 dated, 17-page document stamped in the upper right corner of each page with the word

4

"DRAFT" and titled "Complaint." ("Draft Complaint"). In Plaintiffs' Draft Complaint, the caption lists the plaintiffs as Karen Crane-McNab, LLC; Bert Crane Orchards, L.P.; Mary Crane Couchman Trust; and March Crane Couchman Family Partnership, L.P. Finally, County submits a declaration from Kathy Warnke ("Ms. Warnke"), Deputy Clerk of the County of Merced. Ms. Warnke declares that she conducted a complete and thorough review of the log maintained by the clerk's office of all claims filed by date and claimant name and certifies that there is no record or entry of any claim on any date by or on behalf of Ms. Crane-McNab, Mr. Crane, or Ms. Crane-Couchman. The documents presented by County are matters of public record. Further, the documents are relied upon in Plaintiffs' complaint. Accordingly, this Court takes judicial notice of the Tort Claim and the Draft Complaint. Having reviewed these records, the Court finds that Ms. Crane-McNab, Mr. Crane, and Mr. Couchman were not plaintiffs in the Tort Claim against County.

Plaintiffs admit that the individually-named plaintiffs were not included in the Tort Claim, but argue that because they complied substantially with the tort claim filing requirements, the individually-named plaintiffs may proceed in their state law causes of action against County. Ms. Crane-McNab, Mr. Crane, and Ms. Crane-Couchman are the "owners and principals of the artificial entities" that were the plaintiffs in the tort claim act and initiated this action against County. Those plaintiffs are Karen Crane-McNab LLC; Bert Crane Orchards, L.P.; Mary Crane Couchman Trust; and Mary Crane Couchman Family Partnership, L.P. Plaintiffs argue that the Tort Claim and Draft Complaint fulfilled the purpose of the Government Claims Act, because the wording of the Tort Claim and Draft Complaint gave County "all the notice needed and/or required concerning the claim." Plaintiffs contend that the subsequent addition of the plaintiffs in their individual capacities did not alter the factual basis of Plaintiffs' claims nor did it impair the County's ability to investigate the merits of the claims. In addition, Plaintiffs argue that the individual's entity "filed on behalf" of the individual.

When a party's attempt to comply with the filing requirements of the claims statute is defective, "the test of substantial compliance controls." *Pac. Tel. & Tel. Co. v. County of Riverside*, 106 Cal. App. 3d 183, 188 (Cal. App. 4th Dist. 1980). "Under this test, the court must ask whether sufficient information is disclosed on the face of the filed claim to reasonably enable the public entity to make an investigation of the merits of the claim and to settle it without the expense of a lawsuit." *Id.*

5

To support the substantial compliance argument, Plaintiffs rely on *Lacy v. City of Monrovia*, 44 Cal. App. 3d 152 (1974). In *Lacy*, a husband filed a tort claim against a municipality. In the claim, the husband alleged that the police "terrorized me and my family," detained "me and my family." 44 Cal. App. 3d at 154-55. The husband further alleged that "[w]e were all caused embarrassment and humiliation and were detained and deprived of our liberty for about fifteen minutes. My wife was exposed to the gaze of strange men. My life and hers were threatened." *Id*. at 155. After the municipality rejected the tort claim, both husband and wife filed a civil action. The municipality moved to dismiss the wife for failure to file a tort claim act. The *Lacy* court ruled:

> The fact that [wife] did not sign a separate tort claim is of no consequence. Government Code Section 910 provides that a claim shall be presented by a claimaint or "by a person acting on his behalf" and section 910.2 provides that the claim shall be signed by claimant or "by some person on his behalf." It is clear that [husband] presented the claim to [the municipality] on his own behalf and on the behalf of his wife and children.

*Id*. In so ruling, the court further considered that the husband identified and sought to recover damages on behalf of his wife in his tort claim. Since the "total amount of the claim is the same...to require that the Lacy claim be divided into two separate claims in this situation would not serve the intended purposes of the claim statute and would result in unfairly precluding a determination of [wife's] claim on the merits." *Id.* at 156.

County points out that the facts in *Lacy* are distinguishable from the instant action. Here, Plaintiffs' Tort Claim did not reference or identify Ms. Crane-McNab, Mr. Crane, and/or Ms. Crane-Couchman as individuals. The Tort Claim did not indicate that the entities were filing a claim on behalf of the individuals. Plaintiffs did not identify or seek damages on behalf of the individually-named plaintiffs in the Tort Claim. In addition, Plaintiffs now seek to recover personal injury damages on behalf of the individually-named plaintiffs. These damages were not identified in the Tort Claim.

Based on the foregoing, Plaintiffs did not comply substantially with the filing requirements as to Ms. Crane-McNab, Mr. Crane, and Ms. Crane-Couchman. County did not have sufficient information to investigate the claims of the individuals, including the personal injury damages sought. *See, Elias v. San Bernadino County Flood Control Dist.*, 68 Cal. App. 3d 70 (Cal. App. 4th Dist. 1977) (the primary function of the Tort Claims Act is to apprise the governmental body of imminent legal action so that it may investigate and evaluate the claim where appropriate); *City of Stockton v. Superior Court*, 42 Cal.

4th 730, 738 (2007) ("The claims statutes also enable the public entity to engage in fiscal planning for potential liabilities and to avoid similar liabilities in the future."). Accordingly, this Court grants defendants' partial motion to dismiss.

**Amendment**

Plaintiffs cannot cure the failure to file the tort claim on behalf of Ms. Crane-McNab, Mr. Crane, and Ms. Crane-Couchman. As compliance with the California Government Claims Act is a condition precedent the state causes of action, *State of California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1240 (2004), amendment of the complaint would be futile. A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). Accordingly, Plaintiffs are not granted leave to amend the complaint.

### Conclusion and Order

For the foregoing reasons this Court DISMISSES Ms. Crane-McNab, Mr. Crane, and Ms. Crane-Couchman from the second through sixth, eighth, and ninth causes of action.

IT IS SO ORDERED.

**Dated:     March 24, 2009**                              /s/ Lawrence J. O'Neill
                                                                                                UNITED STATES DISTRICT JUDGE