IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN CRANE-McNAB, LLC; BERT CRANE ORCHARDS, L.P.; MARY CRANE COUCHMAN TRUST; and MARY CRANE COUCHMAN FAMILY PARTNERSHIP, L.P.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>COUNTY OF MERCED, et al.,<br><br>　　　　Defendants. | 1:08-cv-01218-LJO-SMS<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER**<br>(Doc. 60)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS**<br>(Doc. 59) |

Defendant's motions came on regularly for hearing on December 18, 2009 at 9:30 a.m. in Courtroom No. 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge. Wiley R. Driskell, Esq., of Campagne, Campagne & Lerner appeared on behalf of plaintiffs. Roger S. Matzkind, Chief Civil Litigator, Merced County Counsel, appeared on behalf of defendant.

GOOD CAUSE APPEARING, upon review of the pleadings for both motions, including the joint statement re: discovery disagreement (Doc. 63), and upon further consideration of oral argument presented at hearing, the Court rules as follows:

　　A.　<u>Motion For Leave to File Amended Answer</u> ~ GRANTED, to be filed within ten (10) days from the date of service of this order.

Plaintiffs' counsel all but acknowledged at hearing they had no real objection to the amendment save and except it is too little

1

1  too late.  Plaintiffs' opposition (Doc. 61) does, however, mention
2  the liberality with which the court often allows amendments,
3  arguing that the requesting party should also be seeking an
4  amendment to the case management schedule.  This Court accepted, by
5  implication, the lack of need of amending the scheduling order
6  inasmuch as Defendant is merely correcting an error in its original
7  answer as to ownership of the real property in question.
8      The Court would have considered an award of fees and costs as
9  sanctions against Plaintiffs' counsel for the necessity of
10 requiring Defendant to file and argue this motion to amend *but for*
11 the wholesale waste of the parties' and the Court's time in having
12 to deal with Defendant's second motion, the motion to compel.
13     B.   <u>Motion to Compel Complete and Proper Disclosures Pursuant
14 to Federal Rule of Civil Procedure 26(a)(1) and Request for
15 Sanctions: Precluding Plaintiff From Producing Any Evidence
16 Regarding Damages or Using Any Undisclosed Witness and Monetary
17 Sanctions</u> ~ DENIED in its entirety.
18     Defense counsel seeks evidence preclusion based on Plaintiffs'
19 to date undisclosed damages figures.  While it is obvious Rule
20 26(a)(1) includes production of damage figures, if known, it is
21 also well known and well accepted generally by, between and among
22 counsel working collegially that damages estimates often depend
23 upon expert appraisal and analysis.  Plaintiffs' counsel has
24 informed defense counsel in various communications that, indeed,
25 their diminution of value claim will be the subject of expert
26 opinion testimony from an appraiser, declared as an expert at the
27 appropriate time.
28 //

The expert disclosure deadline is presently set for April 5, 2010. The Court trusts that Plaintiffs' expert's report, submitted with the designation in a timely manner, will include all the data and information, opinions and conclusions that FRCP 26(a)(2), (A) and (B) require.

While Defendant's counsel may be eager to evaluate the case for his client, it is also a fact that a settlement conference, at which most assuredly damages will be an issue, is not set to take place, if at all, before the undersigned on September 13, 2010. Further, if defense counsel is correct that he is dealing with inefficient, ineffective legal counsel on the other side, counsel who are not prosecuting their case professionally and by the rules, Defendant's counsel will have every opportunity to showcase Plaintiffs' lack of ability to prove their claims upon a filing of a dispositive motion, the deadline for which is not until July 21, 2010, but which may be brought at any time.

Borrowing Judge O'Neill's language from his order denying Defendant's second motion to dismiss (Doc. 28 ), "...the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." See page 9, lines 13-14. Indeed, there appear to be sufficient witnesses disclosed on both sides as well as documents to be shared and analyzed to keep counsel busy while the final *coup de grace*, damages, is either calculated by an expert and timely disclosed.....or not.

IT IS SO ORDERED.

**Dated:   January 21, 2010**          /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE

3