IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN CRANE-McNAB, LLC; BERT CRANE ORCHARDS, L.P.; MARY CRANE COUCHMAN TRUST; and MARY CRANE COUCHMAN FAMILY PARTNERSHIP, L.P.,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF MERCED, et al.,<br><br>Defendants. | 1:08-cv-01218-LJO-SMS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SANCTIONS: EXCLUSION OF PLAINTIFFS' EXPERTS AND TESTING**<br>(Doc. 75) |

Defendant's Motion for Sanctions came on regularly for hearing on September 3, 2010, at 9:30 a.m. in Courtroom No. 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge. Wiley R. Driskill, Esq., of Campagne, Campagne, & Lerner appeared on behalf of Plaintiffs. Roger S. Matzkind, Chief Civil Litigator, and James E. Stone, Deputy County Counsel, Merced County Counsel, appeared on behalf of Defendant, County of Merced.

Having reviewed the moving, opposition and reply papers filed herein, as well as considering oral argument of counsel, the Court finds and orders as follows:

1

A.  Finding of Facts

1.  The Court's informal order of April 30, 2010 (Doc. 74), during a telephonic discovery dispute, permitting Defendant to observe and get joint samples of any sampling and testing on Plaintiffs' property conducted by Plaintiffs was clear.  Contrary to Plaintiffs' counsel's argument, based on the strong admonition from the Court regarding sharing sampling events, Plaintiffs' counsel could not have believed the order of April 30, 2010 referred to only a one-time sampling.

2.  Notwithstanding the Court's informal order of April 30, 2010, Plaintiffs intentionally did not notify defense counsel in advance that Plaintiffs' experts would take additional samples for testing in May and June of 2010, thereby denying Defendant the opportunity to observe and take split samples.

3.  That Plaintiffs' counsel provided the 55-page report of Plaintiffs' appraisal expert for the first time at Mr. Lien's deposition of July 7, 2010, violated FRCP Rule 26(a)(2)(b).  The 55-page report, dated May 24, 2010, was substantially and materially different from the 6-page report provided to defense counsel on the May 24, 2010, initial disclosure.

4.  Plaintiffs' offering to have Mr. Lien deposed again such that the County could again offer further rebuttal was too late to be an effective remedy.

B.  Findings of Law

1.  Plaintiffs' actions regarding Mr. Lien's report violated FRCP Rule 26(a)(2)(b).

2.  Plaintiffs' actions regarding additional tests of May and June of 2010, violated the Court's informal order of April 30, 2010.

2

THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. Plaintiffs' experts' third report, prepared by Messrs. Souther and Ross and provided to Defendant at Mr. Ross' July 9, 2010 deposition, may not be relied upon or used by Plaintiffs for any purpose in this litigation.  Any new opinions, data, or analysis contained therein, which was not provided in any of these experts' earlier reports, is excluded and may not be used by Plaintiffs for any purpose in this litigation.

2. Mr. Lien's 55-page report, and any of Mr. Lien's analysis and opinions and any testimony based thereon, which were not included in his earlier 6-page report, may not be used by Plaintiffs for any purpose in this litigation.

3. Defendant's request to strike all Plaintiffs' experts as a sanction is DENIED.

4. Defendant's requests for issue sanctions, that there is no migration from the Highway 59 landfill and that Plaintiffs suffered no damage from the landfill, are DENIED.

IT IS SO ORDERED.

**Dated:   October 22, 2010**            /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE

3