UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| KAREN CRANE-MCNAB, BERT CRANE, and MARY CRANE COUCHMAN, individuals, KAREN CRANE-MCNAB, LLC; BERT CRANE ORCHARDS, L.P.; MARY CRANE COUCHMAN TRUST; and MARY CRANE COUCHMAN FAMILY PARTNERSHIP, L.P., <br><br>    Plaintiffs, <br><br>    v. <br><br>COUNTY OF MERCED, and DOES 1 to 20, <br><br>    Defendants. <br>_____/ | NO. CIV. 1:08-1218 WBS SMS <br><br> <u>ORDER RE: MOTIONS IN LIMINE</u> |

----oo0oo----

The parties have brought four motions <u>in</u> <u>limine</u>. Specifically, plaintiffs move to exclude the testimony of expert witness E. Wayne Pierce, arguing that his testimony will be irrelevant and unnecessarily duplicative.  (Docket No. 166.) Defendants move to exclude three witnesses: Jeffery Lien, Timothy Souther, and Phillip Ross.  (Docket Nos. 163, 164, 165.)

1

|   |   |
|---|---|
| 1 | Defendants object to Mr. Lien and Mr. Ross on the basis that |
| 2 | their testimony is irrelevant, and to Mr. Souther on the basis |
| 3 | that his testimony is unreliable under <u>Daubert v. Merrell Dow</u> |
| 4 | <u>Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). |
| 5 | Under appropriate circumstances, a motion <u>in limine</u> may |
| 6 | be used to exclude inadmissible or prejudicial evidence before it |
| 7 | is offered at trial.  <u>See</u> <u>Luce v. United States</u>, 469 U.S. 38, 40 |
| 8 | n.2 (1984).  This serves to avoid the futile attempt of |
| 9 | "unring[ing] the bell" when jurors have seen or heard |
| 10 | inadmissible evidence, even when stricken from the record. |
| 11 | <u>Brodit v. Cambra</u>, 350 F.3d 985, 1004-05 (9th Cir. 2003) (quoting |
| 12 | <u>Kelly v. New W. Fed. Sav.</u>, 49 Cal. App. 4th 659, 669 (2d Dist. |
| 13 | 1996)).  Motions <u>in limine</u> may also serve to save time by ruling |
| 14 | on evidentiary disputes in advance, minimizing side-bar |
| 15 | conferences and other disruptions at trial and potentially |
| 16 | obviating the need to call certain witnesses.  <u>See</u> <u>United States</u> |
| 17 | <u>v. Tokash</u>, 282 F.3d 962, 968 (7th Cir. 2002). |
| 18 | The first purpose of a motion <u>in limine</u>, protecting the |
| 19 | jury, is inapplicable in the context of a bench trial.  <u>See</u> |
| 20 | <u>United States v. Heller</u>, 551 F.3d 1108, 1112 (9th Cir. 2009) (in |
| 21 | a bench trial, the need for an advanced ruling on a motion <u>in</u> |
| 22 | <u>limine</u> to exclude evidence is "generally superfluous").  The |
| 23 | second, saving time, is outweighed here by the additional time |
| 24 | that would be used in litigating the motions before trial and by |
| 25 | the loss of the court's ability to consider evidence in the |
| 26 | context of the trial and weigh the probative value of the |
| 27 | evidence against the admissibility concerns.  <u>See</u> <u>Sperberg v.</u> |
| 28 | <u>Goodyear Tire & Rubber Co.</u>, 519 F.2d 708, 712 (6th Cir. 1975) ("A |

2

better practice is to deal with questions of admissibility of evidence as they arise."). Because it is seldom the case that nothing a particular witness may say would be relevant, the parties are directed to raise relevancy objections to specific questions asked at trial rather than to a witness's testimony in its entirety.

Similarly, motions based on <u>Daubert</u> are inappropriate in this context. <u>See</u> <u>id.</u> at 592-95 (elaborating on the requirement in Federal Rule of Evidence 702 that an expert's testimony be the "product of reliable principles and methods"). <u>Daubert</u> requires the court to act as a "reliability gatekeeper" to keep unreliable testimony away from the jury, essentially protecting the jury from junk science. <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137, 145 (1999). However, the gatekeeping function is less pressing where, as here, the court sits as the trier of fact in place of a jury. <u>See</u> <u>In re Salem</u>, 465 F.3d 767, 777 (7th Cir. 2006) ("Where the gatekeeper and the factfinder are one and the same--that is, the judge--the need to make [<u>Daubert</u>] decisions prior to hearing the testimony is lessened."); <u>United States v. Brown</u>, 415 F.3d 1257, 1269 (11th Cir. 2005) ("There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself.").

For the reasons stated above, the motions are inappropriate at this time, and the court will deny all four motions without prejudice. The parties may renew their objections during trial.

IT IS THEREFORE ORDERED that the parties' motions <u>in limine</u> be, and the same hereby are, DENIED without prejudice to

their being raised in the form of objections to questions asked or exhibits offered during trial.

DATED: January 10, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4