UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| KAREN CRANE-MCNAB, BERT CRANE, and MARY CRANE COUCHMAN, individuals, KAREN CRANE-MCNAB, LLC; BERT CRANE ORCHARDS, L.P.; MARY CRANE COUCHMAN TRUST; and MARY CRANE COUCHMAN FAMILY PARTNERSHIP, L.P., | NO. CIV. 1:08-1218 WBS SMS  ORDER RE: COSTS |
| Plaintiffs, | |
| v. | |
| COUNTY OF MERCED, and DOES 1 to 20, | |
| Defendants. | |

----oo0oo----

On February 8, 2011, the court entered final judgment in this case in favor of defendant. (Docket No. 193.) Defendant submitted a cost bill totaling $18,702.79 (Docket No. 194), to which plaintiffs have objected in part. (Docket No. 195.)

Rule 54(d)(1) of the Federal Rules of Civil Procedure

1

and Local Rule 292 govern the taxation of costs to losing parties, which are generally subject to limits set under 28 U.S.C. § 1920.  See 28 U.S.C. § 1920 (enumerating taxable costs); Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."); Local R. 292(f); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987) (limiting taxable costs to those enumerated in § 1920).

        The court exercises its discretion in determining whether to allow certain costs.  See Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1996) (holding that the district court has discretion to determine what constitutes a taxable cost within the meaning of § 1920); Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 177 (9th Cir. 1990) (same).  The losing party has the burden of overcoming the presumption in favor of awarding costs to the prevailing party.  See Russian River Watershed Prot. Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998) (noting that the presumption "may only be overcome by pointing to some impropriety on the part of the prevailing party"); Amarel, 102 F.3d at 1523; see also Local R. 292(d) ("If no objection is filed, the Clerk shall proceed to tax and enter costs.").

        Plaintiffs do not dispute the costs related to the fees of the Clerk totaling $350.00, fees for the transcripts of depositions of Bert Crane, Jr., Philip Ross, Jeffrey Lien,

Timothy Souther, Patrick Sullivan, Bert Crane,[1] or the reporter's transcript from September 3, 2010, totaling $6,290.41, fees for witnesses totaling $3,877.08, and fees for printing totaling $1,662.14, and the court finds those costs to be reasonable. The costs that remain disputed are (1) several fees for service of summons and subpoena totaling $1,279.31; (2) the cost of copies of deposition transcripts of Garth Pecchenino, Deidre Kelsey, Scott Johnston, Kellie Jacobs, Jerry Lawrie, Paul Fillebrown, Mary Crane Couchman, Karen Crane-McNab, John Reichmuth, and the reporter's trial transcript for January 24 and 27, 2011, totaling $4,442.60; and (3) three fees for copies from government agencies, totaling $801.25.

        Fees for private service of process may be taxed as costs to the extent that they do not exceed the amount allowable for the same service by the Marshal. Local R. 292(f)(2). In 2009, the Marshal's service fees were $55.00 per hour, plus travel costs. 28 C.F.R. § 0.114(a)(3). Defendant paid $37.00 for service of subpoenas, labeled "Basic Fee Subpoena" in the receipts, to Precision Sampling, Agricultural & Priority Pollutants Laboratories, Inc., Air Toxics LTD, and AMEC Geomatrix, and thus the court will allow those costs. Fees for "subpoena preparation" or a "check advance" are not properly taxed as costs. See Schueneman v. 1st Credit of Am., LLC, No. C 05 4505, 2007 WL 1969708, at *5 (N.D. Cal. July 6, 2007) (treating subpoena preparation expenses as part of attorney's

---

[1] It is unclear whether this is a charge for the deposition of Bert Crane, Sr., or whether it related to the deposition of Bert Crane, Jr. Since plaintiffs do not dispute the charge, the court will allow it. Local R. 292(d).

fees, not costs). While the fees for copying, shipping and handling, witnesses, and laser copies may have been appropriate if the documents were used in the case, defendant has provided no evidence of what the documents were; the number of pages copied does not correspond to any trial exhibits that the court can identify. Accordingly, only $37.00 for the subpoena fees of the third parties will be allowed. The deposition subpoena served on Bert Crane Sr. and Garth Pecchenino cost only $100.00 for two people, and thus the court will allow that cost in full per Local Rule 292(f)(2).

"Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are recoverable as costs. 28 U.S.C. § 1920(2). Defendant does not contest that the cost of $250.00 for the deposition transcript of Garth Pecchenino was improper, and thus the court will disallow that cost. As to the cost of deposition transcripts of Deidre Kelsey, Scott Johnston, Kellie Jacobs, Jerry Lawrie, Paul Fillebrown, and John Reichmuth, these people were all deposed by plaintiffs. Since plaintiffs could have used the depositions to impeach those witnesses at trial, it was reasonably necessary for defendant to obtain a copy of the transcripts. See Indep. Iron Works, Inc. v. U.S. Steel Corp., 322 F.2d 656, 678-79 (9th Cir. 1963); see also 28 U.S.C. § 1920(2). Costs for the deposition transcripts of Mary Crane Couchman and Karen Crane-McNab were also necessarily obtained, as those transcripts were admitted into evidence as joint exhibits. Finally, defendant requested a reporter's transcript for certain testimony at trial in order to prepare its post-trial brief. This cost was necessary for use in

4

the case. Accordingly, the court will allow costs for the deposition transcripts of all but Garth Pecchenino.

Finally, defendant has listed fees for a "FOIA request to Department of the Army regarding Castle Dam Project" for $73.35, which it admits was not used in trial. Accordingly, this cost will not be allowed. Defendant also lists fees for "Copies of Documents from National Archives including certified copies of documents file[d] in support of Motion for Summary Judgment" for $510.80 and "National Archives for copies of Eminent Domain documents from prior proceedings" for $217.10. Because these copies were offered as exhibits at trial, the court will allow those costs.

After reviewing the bill, the court finds the following costs to be reasonable:

| | |
|---|---|
| Fees of the Clerk: | $350.00 |
| Fees for Service of Summons and Subpoena: | $248.00 |
| Fees for Transcripts: | $10,483.01 |
| Fees for Witnesses: | $3,877.08 |
| Fees for Exemplification and Copies: | $2,390.04 |
| **Total** | **$17,348.13** |

Accordingly, the cost of **$17,348.13** will be allowed.

IT IS SO ORDERED.

DATED: February 28, 2011

*[signature]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE