# Exhibit B

THE LAW FIRM OF
## CAMPAGNE, CAMPAGNE & LERNER
A PROFESSIONAL CORPORATION

ATTORNEYS
THOMAS E. CAMPAGNE
JUSTIN T. CAMPAGNE
MARY F. LERNER
WILEY R. DRISKILL

LAW CLERKS
BRANDON M. COLLET

AIRPORT OFFICE CENTER
1685 N. HELM AVENUE
FRESNO, CALIFORNIA 93727
EMAIL: cc@campagnelaw.com
TELEPHONE (559) 255-1637
FAX (559) 252-9617

October 8, 2010

**Via Facsimile (209) 726-1337
and U.S. Mail**

Roger S. Matzkind
County of Merced
2222 M Street
Merced, California 95340

> Re:  *Karen Crane-McNab, LLC, et al. v. County of Merced*
> USDC Eastern Dist. Case No. 1:08-CV-01218-LJO-SMS
> Our Reference Nos.: BN-53016; FN-7811

Dear Mr. Matzkind:

I am writing now in response to your September 17, 2010 letter (received Sept. 20, 2010) in which you lodged a proposed sanctions motion for "*safe harbor*" under FRCP Rule 11. I have reviewed your lodged motion and this letter shall serve as Plaintiffs' formal response.

Your motion is apparently based on alleged violation of FRCP 11(b)(3) in that you contend certain allegations contained in Plaintiffs' Third Amended Complaint do not have evidentiary support or are not likely to have evidentiary support. As you are aware, Rule 11 provides that a sanctions motion brought under the Rule must be served on the opposing party at least 21 days prior to being filed with the court. "*If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court.*" (Rule 11 Adv. Committee Notes, 1993 Amend. [emphasis added].) "*The timely withdrawal of a contention will protect a party from a motion for sanctions.*" (Id.)

As with virtually every lawsuit, Plaintiffs' pleadings included contentions which Plaintiffs had good reason to believe to be true, but for which subsequent discovery did not produce evidentiary support. Your motion erroneously contends that Plaintiffs should thereafter have amended their complaint to withdraw such allegations. Not so. Rule 11(b) "*does not require a formal amendment to pleadings for which evidentiary support is not obtained, but rather calls upon a litigant not thereafter to advocate such claims or defenses.*" (Id.) Having reviewed each factual contention set forth in your lodged motion, it is clear that those contentions for which Plaintiffs did not obtain evidence in

THE LAW FIRM OF CAMPAGNE, CAMPAGNE & LERNER, A PROFESSIONAL CORPORATION

Roger Matzkind
October 8, 2010
Page 2

discovery were conceded in Plaintiffs' response to the County's summary judgment motion, and thus were not "*thereafter advocated*." However, in light of your lodged motion, these contentions are set forth and formally withdrawn *ad seriatim* below:

1. 'County of Merced owns the Highway 59 Landfill' – Withdrawn. Although it has absolutely no legal significance insofar as the County's liability (as the day-to-day operator of the Landfill) is concerned, Plaintiffs concede that the Landfill is owned by a JPA of which the County is a member.

2. 'Hazardous materials have been released from the Landfill into the groundwater under Plaintiffs' property' – Withdrawn. Plaintiffs concede that, based upon their experts' testing, hazardous materials have not yet migrated into the groundwater below their property.

3. 'Employees of County of Merced trespass onto the Plaintiffs' property' – Withdrawn. As I previously offered to stipulate to during Mr. Crane's deposition (to which no response was received), Plaintiffs concede that trespass to Plaintiffs' property did not occur in the form of unauthorized access to Plaintiffs' property by the County's employees.

4. 'The County defrauded Plaintiffs by concealing a possible release of hazardous chemicals on Plaintiffs' property' – Withdrawn insofar as there was any active concealment. Plaintiffs obviously still contended there was a release of hazardous chemicals and that the County failed to notify the surrounding neighbors, including the Cranes, in violation of Civil Code §851 and Health & Safety Code §25359.5. However, as set forth in Plaintiffs' response to the County's summary judgment motion, Plaintiffs no longer allege concealment and Plaintiffs have withdrawn their fraud allegations.

5. 'The County of Merced owns Canal Creek' – Withdrawn. Although, again, it has absolutely no legal significance since the County maintains Canal Creek pursuant to contract with Merced Irrigation District, and it is this maintenance (or lack thereof) upon which the County's liability is premised, Plaintiffs concede that the Irrigation District owns this portion of Canal Creek.

THE LAW FIRM OF CAMPAGNE, CAMPAGNE & LERNER, A PROFESSIONAL CORPORATION

Roger Matzkind
October 8, 2010
Page 3

      6.    'County's actions interfere with the rental of the property in the dam area' – Although Plaintiffs' Third Amended Complaint does not contain this allegation (and, notably, your motion does not cite to any such allegation in the complaint), Plaintiffs concede that the County's actions in maintaining the dam and its adjacent waterways did not interfere with the rental of Plaintiffs' property. (Rather, it was the County's acts or omissions in operating the Landfill which, among other things, interfered with Plaintiffs' renter's cattle operations by killing his cattle.)

      The remaining contentions set forth in your motion have clear evidentiary support and/or, at the very least, are fairly debatable. Note that, as set forth by the Advisory Committee, *"Rule 11 motions should not be made or threatened for minor, inconsequential violations of the standards prescribed by subdivision (b),"* nor *"to intimidate an adversary into withdrawing contentions that are fairly debatable."* (Id.) Although previously conceded in response to the County's summary judgment motion, the foregoing contentions which lack evidentiary support have now been formally withdrawn. Accordingly, in compliance with Rule 11's safe harbor provision, your motion should not be filed with the court.

      However, please note that *"the filing of a motion for sanctions is itself subject to the requirements of the Rule and can lead to sanctions,"* even without Plaintiffs filing a cross-motion. (Id.) Therefore be forewarned that in light of the aforementioned withdrawals, if you do in fact file your motion, Plaintiffs will view this as a continuation of your past practice of attempting to litigate this matter via frivolous sanctions motions and threats of such motions rather than on the merits of the case. In that event, Plaintiffs will seek any and all sanctions available to compensate them for fees and expenses incurred in responding to your frivolous motion, and to deter such future conduct on your part.

Very truly yours,

Campagne, Campagne & Lerner,
A Professional Corporation

By Justin T. Campagne

JTC:jfh

F:\DATA\docs\McNab, Karon\Hwy. 59\Correspondence\Matzkind-Ltr-100710.doc

# THE LAW FIRM OF
## CAMPAGNE, CAMPAGNE & LERNER
A PROFESSIONAL CORPORATION

**ATTORNEYS**
THOMAS E. CAMPAGNE
JUSTIN T. CAMPAGNE
MARY F. LERNER
WILEY R. DRISKILL

**LAW CLERKS**
BRANDON M. COLLET

## FAX TRANSMITTAL FORM

AIRPORT OFFICE CENTER
1685 N. HELM AVENUE
FRESNO, CALIFORNIA 93727
EMAIL: cc@campagnelaw.com
TELEPHONE (559) 255-1637
FAX (559) 252-9617

| | | | |
|---|---|---|---|
| TO: | Roger S. Matzkind | At Fax Number: | (209) 726-1337 |
| From: | Justin T. Campagne | Date: | Friday, October 08, 2010 |
| Re (Our File Reference): | BN-53016 | Number of Pages (including this coversheet): | 4 |
| CC: | | | |

☐ For Your Review; no reply necessary   ☐ Please review and phone sender   ☐ Please Reply

**This Space for Message to Addressee:**

**CONFIDENTIALITY NOTE TO "WRONGFUL/MISTAKEN" RECEIVER**
The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this facsimile is strictly prohibited. If you have received this message facsimile in error, please immediately notify us by telephone at (559) 255-1637 and return the original message to us at the address noted above via the United States Postal Service. Thank you.