1  Justin T. Campagne, #211825
   Wiley R. Driskill, #253913
2  Campagne, Campagne, & Lerner
   A Professional Corporation
3  Fresno Airport Office Center
   1685 North Helm Avenue
4  Fresno, California 93727
   Telephone:  (559) 255-1637
5  Facsimile: (559) 252-9617

6  Attorneys for Plaintiffs Karen Crane-McNab, LLC; Bert Crane Orchards, L.P.;
   Mary Crane Couchman Trust; and Mary Crane Couchman Family Partnership, L.P.
7

8                    **UNITED STATES DISTRICT COURT**

9                   **EASTERN DISTRICT OF CALIFORNIA,**

10                          **FRESNO DIVISION**

11  KAREN CRANE-MCNAB, LLC; BERT    ) Case No. 1:08-CV-01218-WBS-SMS
    CRANE ORCHARDS, L.P.; MARY      )
12  CRANE COUCHMAN TRUST; and       ) **PLAINTIFFS' OPPOSITION TO COUNTY**
    MARY CRANE COUCHMAN FAMILY      ) **OF MERCED'S MOTION FOR 42 USC**
13  PARTNERSHIP, L.P.,              ) **§1988 ATTORNEYS' FEES**
                                    )
14                     Plaintiffs,  ) Hearing Date:        April 13, 2011
              vs.                   ) Hearing Time:        10:30 a.m.
15                                  ) Courtroom:           1 (8th Floor)
    COUNTY OF MERCED, and DOES 1 to )
16  20,                             )
                                    )
17                     Defendants.  )
                                    )
18  _____)
    \\\
19
    \\\
20
    \\\
21
    \\\
22
    \\\
23
    \\\
24
    \\\
25
    \\\
26
    \\\
27
    \\\
28

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988
ATTORNEYS' FEES

# TABLE OF CONTENTS

Page(s)

I.  INTRODUCTION ..................................................................................1

II.  ARGUMENT ......................................................................................3

    A.  Even If Defendant County Is The "Prevailing Party," 42 U.S.C. § 1988 Attorneys' Fees May Not Be Recovered By A Defendant In This Case. .................................................................3

    B.  Because The Standard Of *Frivolousness*" For Granting FRCP Rule 11 Motions And § 1988 Motions For Sanctions To Prevailing Defendants Is The Same, This Motion Must Be Considered In Conjunction With Defendant's Simultaneously-Filed Rule 11 Motion.  To The Extent The Rule 11 Motion Is Denied, This Motion Must Be Denied As Well. ..............................5

    C.  Plaintiffs' Claims And Factual Allegations That Survived Summary Judgment Are Not "*Frivolous*" For Purposes Of 42 U.S.C. § 1988. ...............................................................................5

    D.  Plaintiffs' § 1983 Claim Was Not "*Frivolous*," And Therefore Defendant County Is Not Entitled To §1988 Sanctions For Having Prevailed On That Claim (After The County Spent $3.5 Million To Erect A VOC Extraction System). .........................6

        1.  VOC Issues. .................................................................7

        2.  Trash and Odors. ........................................................8

        3.  Flooding. .....................................................................9

        4.  Creeks. ......................................................................10

    E.  A Section 1988 Award Is Not Permitted Because There Has Been No Attempt By The County To Distinguish and Allocate Between Section 1983 Work And Work On The State Law Claims. .............................................................................13

    F.  The County Fails To Demonstrate What Attorney Work Was Done In Relation To Each One Of Plaintiffs' Different Individual Claims; Therefore, To The Extent Any One Of Plaintiffs' Claims Are Determined To Be Non-Frivolous, Then The County Cannot Recover For Any Work Done In Relation To That Claim. .............................................15

    G.  Alternatively, The County May Not Be The "*Prevailing*" Party For 42 U.S.C. § 1988 Purposes If The Landfill Gas Extraction System Currently Being Installed Was Initiated In Response To Plaintiffs' Suit. ..............................................18

IV.  CONCLUSION.................................................................................21

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988 ATTORNEYS' FEES

Page i

# TABLE OF AUTHORITIES

Page(s)

## Cases

Baby Doe v. Methacton Sch. Dist. (E.D. Pa. 1996)
  920 F.Supp. 78 ...................................................................................4, 5

Barry v. Fowler (9th Cir. 1990)
  902 F.2d 770 ....................................................................................1, 4

Bond v. Keck (E.D. Mo. 1986)
  629 F.Supp. 225 .................................................................................15

Christiansburg Garment Co. v. EEOC (1978)
  434 U.S. 412 .....................................................................................3, 4

Durett v. Cohen (9th Cir. 1986)
  790 F.2d 360 ................................................................................18, 20

Eastway Const. Corp. v. New York (S.D.N.Y. 1986)
  637 F.Supp. 558 ...........................................................................4, 5, 21

EEOC v. Kenneth Balk & Assoc. (8th Cir. 1987)
  813 F.2d 197 ..............................................................................2, 4, 7, 21

EEOC v. Robert L. Reeves & Assoc. (9th Cir. 2007)
  262 Fed. Appx. 42.................................................................................5

EEOC v. Wilson (3rd Cir. 1997)
  123 F.3d 746 .........................................................................................4

Engrahm v. County of Colusa (E.D. Cal. 2006)
  2006 U.S. Dist. LEXIS 80827 .........................................................14, 15

Fox v. Vice (5th Cir. 2010)
  594 F.3d 423...........................................................................6, 8, 9, 14

Garner v. Cuyahoga County Juv. Ct. (6th Cir. 2009)
  554 F.3d 624 ......................................................................................1, 3

Glass v. Gulf Oil (1970)
  12 Cal.App.3d 412 ...............................................................................11

Goble v. Dotson (1962)
  203 Cal.App.2d 272 .............................................................................11

Grant v. Farnsworth (8th Cir. 1989)
  869 F.2d 1149 ........................................................................................5

Harris v. Maricopa County Sup. Ct. (9th Cir. 2011)
  2011 U.S. App. LEXIS 1068 ............................................................1, 15

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988
ATTORNEYS' FEES

Harris v. Maricopa County Sup. Ct. (9th Cir. 2011)
631 F.3d 963 ................................................................................6, 14, 16

Hensley v. Eckerhart (1983)
461 U.S. 424 ....................................................................................14

Hughes v. Rowe (1980)
449 U.S. 5 ....................................................................................2, 10

Lummi Indian Tribe v. Oltman (9th Cir. 1983)
720 F.2d 1124 ............................................................................18, 20

Mesnick v. Caton (1986)
183 Cal.App.3d 1248 ........................................................................11

Montgomery v. Yellow Freight System, Inc. (10th Cir. 1982)
671 F.2d 412 ..............................................................................2, 7, 8

National Foods, Inc. v. Rubin (S.D.N.Y 1990)
749 F.Supp. 1242 ..............................................................................5

Norris v. Sysco Corp. (9th Cir. 1999)
191 F.3d 1043 ............................................................................14, 15

R.P. v. Prescott Unified Sch. Dist. (9th Cir. 2011)
631 F.3d 1117 ............................................................................4, 7, 8

San Diego Gas & Electric Co. v. Sup. Ct. (1996)
13 Cal.4th 893 ............................................................................9, 10

Tejada-Batista v. Fuentes-Agostini (D.P.R. 2003)
267 F.Supp.2d 156 ............................................................................5

Thomas v. City of Tacoma (9th Cir. 2005)
410 F.3d 644 ....................................................................................3

Tolbert v. Queens College (2nd Cir. 2001)
242 F.2d 58 ................................................................................9, 10

Tutor-Saliba v. Hailey (9th Cir. 2006)
452 F.3d 1055 ............................................................................15, 16

Wal-Mart Stores, Inc. v. Turlock (E.D. Cal. 2007)
483 F.Supp.2d 1023 ..........................................................................6

Wilson v. Abrams (1969)
1 Cal.App.3d 1030 ............................................................................11

Zaldivar v. Los Angeles (9th Cir. 1986)
780 F.2d 823 ....................................................................................5

\\\

\\\

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988
ATTORNEYS' FEES

Page iii

**Statutes**

42 U.S.C. §1988 ............................................................................................1, 3, 13, 21

42 U.S.C. §1983 ............................................................................................13

Civil Code §806 ............................................................................................11

Evidence Rule 407 ............................................................................................19

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988 ATTORNEYS' FEES

# I.    INTRODUCTION

Plaintiffs Karen Crane-McNab, LLC; Bert Crane Orchards, LP; Mary Crane Couchman Trust; and Mary Crane Couchman Family Partnership, LP (hereinafter collectively referred to as "*Plaintiffs*") submit this Memorandum in Opposition to Defendant County of Merced's (hereinafter "*Defendant*" and/or "*County*") Motion for Attorneys' Fees under 42 U.S.C. § 1988.

On its face, 42 U.S.C. § 1988 provides that attorney's fees may, in the court's discretion, be awarded to the "*prevailing party*" in a civil rights case. Practically speaking, however, courts are permitted to grant attorney's fees to prevailing plaintiffs under § 1988 as a matter of course, but are permitted to award fees to prevailing *defendants* only in exceptional circumstances. (Barry v. Fowler (9th Cir. 1990) 902 F.2d 770, 773.) In fact, awarding fees against a non-prevailing plaintiff in a civil rights case is considered an "extreme sanction" to be used only in "*truly egregious cases of misconduct*." (Garner v. Cuyahoga County Juv. Ct. (6th Cir. 2009) 554 F.3d 624, 635.) This is because awarding plaintiffs their fees in a civil rights case furthers the important federal policy of encouraging plaintiffs to seek legal redress for civil rights violations (Harris v. Maricopa County Sup. Ct. (9th Cir. 2011) 2011 U.S. App. LEXIS 1068 at *10), whereas awarding fees to a prevailing defendant furthers no such important policy. (Id. at *13 n. 1.) In fact, awarding fees to a prevailing defendant tends to discourage civil rights plaintiffs from bring all but the most 'airtight' cases, and thus undercuts Congress's efforts to promote the vigorous enforcement of civil rights laws. (Id. at *10.)

Thus, a prevailing defendant may only be awarded attorney's fees if he can show that the plaintiff's *federal civil rights claim* (not its state law or common law claims) was completely frivolous – meaning lacking any evidentiary support whatsoever. It is not enough for the defendant to argue that the plaintiff's evidence was insufficient, uncreditworthy, or that it ultimately did not prevail. In fact, the Supreme Court and the Ninth Circuit have both instructed that courts must avoid exactly this type of post hoc reasoning – i.e. that because a plaintiff ultimately did not prevail, his action must have

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988
ATTORNEYS' FEES

Page 1

1  been unreasonable or without foundation.  (Id. at *24-24; see also, Hughes v. Rowe

2  (1980) 449 U.S. 5, 14.)  Rather, the prevailing defendant must demonstrate *a complete*

3  *absence of evidence* supporting the civil rights claim. (EEOC v. Kenneth Balk & Assoc.

4  (8th Cir. 1987) 813 F.2d 197, 198; Montgomery v. Yellow Freight System, Inc. (10th Cir.

5  1982) 671 F.2d 412, 414.)

6          As set forth below, the County simply fails to meet its onerous burden of

7  showing that Plaintiff's § 1983 claim is "*frivolous*" – i.e. completely lacking in

8  evidentiary support.  Indeed, nearly all of the allegations underlying the claim survived

9  summary judgment, which in nearly every circumstance precludes a finding that the claim

10  was frivolous.  Further, Plaintiffs clearly offered evidence in support of their claims.  The

11  County argues at length that such evidence was eventually not credited by the Court, the

12  County's evidence *was* credited, and therefore Plaintiffs' claims must have been frivolous.

13  Yet even if true, this is not a permissible basis for awarding a defendant fees.  Making

14  credibility determinations is the very reason evidence is presented to the trier of fact.  The

15  County cannot simply point to the fact that its evidence prevailed over Plaintiffs' and

16  argue that therefore, Plaintiffs' civil rights claim must have been "*frivolous*."  This is

17  exactly the type of post hoc reasoning the Supreme Court and Ninth Circuit have held to

18  be impermissible.

19          Moreover, even if a court deems a certain civil rights claim *is* frivolous, the

20  defendant may only recover fees *solely and exclusively* attributable to that claim.  In other

21  words, it is the defendant's burden to demonstrate that every fee it seeks was incurred

22  solely in response to the frivolous civil rights claim, and that *none* of the work for which it

23  seeks fees was done in whole or in part in order to respond to any non-frivolous claim.  As

24  the Ninth Circuit has recently noted, this burden is, as a practical matter, "extremely

25  difficult" for a defendant to carry.  Here, the County has not even attempted to meet this

26  burden.  First, the County makes no attempt to demonstrate fees or costs directly

27  attributable to Plaintiffs' § 1983 claim (i.e. the Seventh Cause of Action).  As the County

28  itself concedes, the only fees potentially available under § 1988 are those attributable

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988
ATTORNEYS' FEES                                                                    Page 2

1   exclusively to Plaintiffs' § 1983 claim.  Yet here, the County simply adds up all of the

2   fees it purportedly incurred in this entire case, irrespective of the work done, and asks the

3   Court to award it the entire sum.  This is not permissible.  Since the County did not meet

4   its burden of distinguishing what fees it incurred as a direct result of Plaintiffs' § 1983

5   claim, as opposed to Plaintiffs' state law and common law claims, the motion must fail in

6   its entirety.

7           Second, the County also makes no effort whatsoever to delineate what

8   attorney fees or costs it incurred in relation to each of Plaintiffs' individual claims.  Again,

9   it is the County's burden to demonstrate that every fee it seeks was incurred exclusively as

10  a result of a frivolous civil rights claim.  Any work done in whole or in part to defend

11  against a *non*-frivolous claim cannot be recovered.  Therefore, because the County has not

12  linked any of its fees to any particular claims, a finding that *any* claim is non-frivolous

13  will preclude recovery of *any* fees.  As set forth below, the County cannot demonstrate

14  that Plaintiff's claims are frivolous, let alone that *every* claim is frivolous.  Thus, the

15  motion fails.

16  **II.    ARGUMENT**

17      **A.    Even If Defendant County Is The "Prevailing Party," 42 U.S.C. § 1988
              Attorneys' Fees May Not Be Recovered By A Defendant In This Case.**

18

19          Awarding attorney fees in favor of a defendant against a nonprevailing

20  plaintiff in a civil rights action is "*an extreme sanction, and must be limited to truly

21  egregious cases of misconduct*." (<u>Garner v. Cuyahoga County Juv. Ct.</u> (6th Cir. 2009)

22  554 F.3d 624, 635.)  While prevailing plaintiffs are awarded their attorney's fees under 42

23  U.S.C. § 1988 in virtually all circumstances,  "*[p]revailing defendants, on the other hand,

24  may only be awarded attorneys' fees pursuant to 42 U.S.C. §1988(b) when the plaintiff's

25  civil rights claim is frivolous, unreasonable, or groundless, or that the plaintiff continued

26  to litigate after it clearly became so*."  (<u>Thomas v. City of Tacoma</u> (9th Cir. 2005) 410

27  F.3d 644, 647-648; citing <u>Christiansburg Garment Co. v. EEOC</u> (1978) 434 U.S. 412,

28  422.)  Thus, attorney's fees cannot be granted to a defendant simply because the plaintiff

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988
ATTORNEYS' FEES

Page 3

1   lost the case.  (<u>Baby Doe v. Methacton Sch. Dist.</u> (E.D. Pa. 1996) 920 F.Supp. 78, 79.)  A

2   court must "*resist the understandable temptation to engage in post hoc reasoning by*

3   *concluding that, because a plaintiff did not ultimately prevail, his action must have been*

4   *unreasonable or without foundation*."  (<u>Christiansburg</u>, 434 U.S. at 421-422.)  Rather, as

5   the Ninth Circuit has stated, "*[a]ttorneys' fees in civil right cases should only be awarded*

6   *to a defendant in exceptional circumstances*."  (<u>Barry v. Fowler</u> (9th Cir. 1990) 902 F.2d

7   770, 773.)  The "*frivolousness*" standard for awarding to a defendant fees under § 1988 is

8   very high.  "'*Frivolous' is of the same order of magnitude as 'less than a scintilla.*'"

9   (<u>Eastway Const. Corp. v. New York</u> (S.D.N.Y. 1986) 637 F.Supp. 558, 565.)

10  Accordingly, virtually *any* evidence in support of a claim is sufficient to render the claim

11  'non-frivolous' for purposes of § 1988.

12          Moreover, a defendant cannot be awarded fees under § 1988 on the basis

13  that the plaintiff's evidence was not credible. (See, <u>EEOC v. Kenneth Balk & Assoc.</u> (8th

14  Cir. 1987) 813 F.2d 197, 198 ["*however unpersuasive [plaintiff's] evidence ultimately*

15  *proved to be, this evidence provided 'some basis' for [plaintiff's] claim*"].)  Indeed, the

16  very purpose of presenting evidence to a trier of fact is so that the trier can make such

17  credibility determinations. Thus, a court abuses its discretion in awarding a defendant

18  attorney's fees under § 1988 simply because a plaintiff's evidence is eventually

19  determined not to be credible.  (<u>EEOC v. Wilson</u> (3rd Cir. 1997) 123 F.3d 746, 752-753.)

20  "*[S]o long as the plaintiffs present evidence that, <u>if believed</u> by the fact-finder, would*

21  *entitle them to relief, the case is per se not frivolous and will not support an award of*

22  *attorney's fees*."  (<u>R.P. v. Prescott Unified Sch. Dist.</u> (9th Cir. 2011) 631 F.3d 1117; 2011

23  U.S. App. LEXIS 2173 at *19 [emphasis added].)  Accordingly, the fact that a plaintiff's

24  evidence is ultimately *not* believed cannot be the basis for finding a case is frivolous.

25          In light of these rigorous standards, it is clear (as discussed more below) that

26  the County cannot show that Plaintiffs' claims were "*frivolous*," and thus, this motion

27  should be denied in its entirety.

28  \\\

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988
ATTORNEYS' FEES                                                              Page 4

**B.    Because The Standard Of "*Frivolousness*" For Granting FRCP Rule 11 Motions And § 1988 Motions For Sanctions To Prevailing Defendants Is The Same, This Motion Must Be Considered In Conjunction With Defendant's Simultaneously-Filed Rule 11 Motion.  To The Extent The Rule 11 Motion Is Denied, This Motion Must Be Denied As Well.**

The standard of "*frivolousness*" necessary to award sanctions under FRCP Rule 11 is the same as that necessary to award attorney's fees to a prevailing defendant under § 1988.  (<u>Zaldivar v. Los Angeles</u> (9th Cir. 1986) 780 F.2d 823, 832 (disapproved on unrelated grounds at, 496 U.S. 384); <u>Eastway</u>, *supra*, 637 F.Supp. at 565, 576; <u>National Foods, Inc. v. Rubin</u> (S.D.N.Y 1990) 749 F.Supp. 1242, 1242-1243.)  Here, the County has filed an FRCP Rule 11 motion that is nearly identical to this motion.  (Docs. 206 and 207.)  Thus, simultaneous with this Memorandum, Plaintiffs have filed an opposition to the Rule 11 motion which sets forth extensive argument as to why that motion fails.  In the interest of brevity, much of that argument need not be repeated here.  However, because the standards for the two motions are the same (<u>Id.</u>), insofar the Court denies the County's Rule 11 motion, it must also deny this motion as well.

**C.    Plaintiffs' Claims And Factual Allegations That Survived Summary Judgment Are Not "*Frivolous*" For Purposes Of 42 U.S.C. § 1988.**

The County directs the bulk of its motion at allegations of how the case was conducted after Judge O'Neill of the District Court had ruled on the County's summary judgment motion.  Citing <u>Grant v. Farnsworth</u> (8th Cir. 1989) 869 F.2d 1149, 1152-1153, the County argues that the fact that a plaintiff's claims survived a summary judgment motion, or motion to dismiss, does not preclude a defendant from collecting § 1988 fees related to those claims.  This is misleading at best.  While surviving summary judgment does not *categorically* preclude awarding a defendant fees under § 1988, most courts, including the Ninth Circuit will not find that a claim that has survived summary judgment is "*frivolous*," and thus will not award defendant's §1988 fees, absent unusual circumstances.  (See, <u>EEOC v. Robert L. Reeves & Assoc.</u> (9th Cir. 2007) 262 Fed. Appx. 42, 44; <u>Tejada-Batista v. Fuentes-Agostini</u> (D.P.R. 2003) 267 F.Supp.2d 156, 159-160; <u>Methacton</u>, *supra*, 920 F.Supp. at 80; see also, <u>Wal-Mart Stores, Inc. v. Turlock</u> (E.D. Cal.

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE** (559) 255-1637
FAX (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988
ATTORNEYS' FEES

Page 5

2007) 483 F.Supp.2d 1023, 1028 [establishing a prima facie case, but ultimately failing on the merits, should not be deemed 'clearly frivolous'].)  Thus, as under a Rule 11 motion, Plaintiffs' claims and factual allegations that survived the County's summary judgment motion are not "*frivolous*" for the purposes of this § 1988 motion, and the County is not entitled to any fees related to such claims.[1]

> ### D. Plaintiffs' § 1983 Claim Was Not "*Frivolous*," And Therefore Defendant County Is Not Entitled To §1988 Sanctions For Having Prevailed On That Claim (After The County Spent $3.5 Million To Erect A VOC Extraction System).

As discussed at length further below, under § 1988, the County can only recover fees exclusively attributable to Plaintiffs' § 1983 cause of action for violation of federal due process.  (Harris v. Maricopa County Sup. Ct. (9th Cir. 2011) 631 F.3d 963; 2011 U.S. App. LEXIS 1068 at *17; Fox v. Vice (5th Cir. 2010) 594 F.3d 423, 429.)  The County must show that the § 1983 cause of action is completely frivolous, which means that *no evidence* was offered in support of it.  The County completely fails to demonstrate that Plaintiffs' § 1983 was frivolous <u>or</u> that it incurred fees directly and exclusively attributable to that claim.

First, as expressly set forth in Plaintiffs' Complaint, the § 1983 cause of action is based upon the County's trespassing onto Plaintiffs' property, the dumping of pollutants and debris on the property, and the release of VOC's onto and under the property.  (Doc. 46, 28:26-29:2.)  Thus, if Plaintiffs had successfully proven a constitutionally cognizable injury resulting from *any one* of these particular allegations, the § 1983 cause of action would have prevailed.  Accordingly, it is not enough for the County to argue, as it does, that because Plaintiffs failed to establish economic damages resulting from trash and odors, or from improper creek maintenance, for example, that the

---

[1]  It should be noted that of the ten (10) causes of action Plaintiffs originally asserted in the Third Amended Complaint, Plaintiffs voluntarily dismissed two (fraud and California due process), and the Court dismissed one (strict liability) on summary judgment.  Plaintiffs' remaining seven (7) causes of action survived summary judgment.  (See, Doc. 153, 27:10-28:4.)  Thus, it is inaccurate (at best) to claim, as the County does, that the Court "*granted most of Defendant's motion for summary judgment*."  (Doc. 205, 4:13.)

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988
ATTORNEYS' FEES

Page 6

1    entire § 1983 cause of action is "*frivolous.*"  (See, Doc. 205, 10:24-26, 11:9-10.)  Rather,

2    to recover fees under § 1988, the County would have to show the Plaintiffs failed to

3    provide *any evidence* that, if believed, would support a § 1983 claim.  (Prescott Unified

4    Sch. Dist., *supra*, 2011 U.S. App. LEXIS 2173 at *19.)  As discussed below, the County

5    completely fails to make such a showing.

6         The County points to four specific issues where it claims evidence was so

7    lacking that the claims based thereon are "*frivolous.*"  They are (1) alleged lack of

8    evidence on VOC issues; (2) on trash and odors; (3) on flooding; and (4) on damage

9    related to maintenance of the creeks.  (Doc. 205, 8:17-11:10)  These are addressed in turn

10   below.

11        **1.     VOC Issues.**

12        The County argues that Plaintiffs' claims related to VOC migration from the

13   landfill were frivolous because Plaintiffs' experts' evidence lacked reliability.  (Doc. 205,

14   9:1-10:6.)  Yet, as discussed above, even if this is true, it does not entitle the County to

15   fees under § 1988.   Plaintiffs offered ample evidence of VOC migration, both

16   documentary and in the form of expert testimony by Mr. Souther and Mr. Ross.  (See, e.g.

17   Docs. 123 through 130.)  Plaintiffs also offered testimony from their appraiser Mr. Lien as

18   to damages caused thereby.  The Court considered this evidence at length in its Statement

19   of Decision, and ultimately found that it was unconvincing and credited the County's

20   evidence and theories over Plaintiffs'.  (See, Doc. 192, 8:20-11:2.)  That was the very

21   purpose of the trial.  The fact that Plaintiffs' evidence ultimately was not credited, and the

22   County's evidence was, cannot be the basis for defense fees.  (Prescott Unified, *supra*,

23   2011 U.S. App. LEXIS 2173 at *19.)  As long as there was *some* evidence of VOC

24   migration, no matter how unpersuasive it ultimately proved to be, it provided some basis

25   for Plaintiffs' claims, and the claims therefore cannot be "*frivolous*" for § 1988 purposes.

26   (Kenneth Balk & Assoc., *supra*, 813 F.2d at 198.)  Again, to recover fees, the County

27   must demonstrate a *complete* lack of evidence, not merely non-prevailing evidence.  (See,

28   Montgomery v. Yellow Freight System, Inc. (10th Cir. 1982) 671 F.2d 412, 414 [in order

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
Fax (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988
ATTORNEYS' FEES

Page 7

1  to penalize plaintiff with attorney's fees, the court "*must be persuaded that the record is*

2  *completely devoid of any evidence*" of a civil rights violation].)

3      The same holds true with regard to damages. The County argues that

4  Plaintiffs failed to prove any injury due to VOC pollution. (Doc. 205, 10:7-9.) Yet as the

5  Court's Statement of Decision makes clear, Plaintiffs *did* provide evidence of damage

6  through the testimony of its appraiser Mr. Lien, who testified that the VOC's essentially

7  rendered the property unsalable. (Doc. 192, 15:15-17.) Again, the fact that the Court

8  ultimately found this evidence unconvincing is irrelevant. Plaintiffs need only have

9  provided evidence that, *if believed*, would have supported their claims. (Prescott Unified,

10  *supra*, at *19.) The County must show a complete *lack* of evidence, which it cannot do.

11  (Montgomery, *supra*, 671 F.2d at 414.)

12      The County also argues that Plaintiffs' negligence and trespass causes of

13  action failed for lack of evidence. (Doc. 205, 10:10-23.) Yet, as the Statement of

14  Decision makes clear, these causes of action failed because Plaintiffs "*failed to*

15  *demonstrate the underlying fact of VOC migration on which [these] claims rely*." (Doc.

16  192, 13:24-14:1.) As set forth above, the failure to establish VOC migration was not for a

17  complete *lack* of evidence, but rather because the Court credited the County's evidence

18  and not the Plaintiffs'. (See, Doc. 192, 9:2-12:5.) That cannot be the basis for defense

19  fees. (Prescott, at *19, Kenneth Balk & Assoc., at 198.) Furthermore, Plaintiffs'

20  negligence and trespass causes of action are state law claims for which fees are not

21  awardable under § 1988 in any event, frivolous or not. (Fox, supra, 594 F.3d at 429.)

22      **2.    Trash and Odors.**

23      It is undisputed, and indeed the Court found, that trash and odor blow over

24  from the landfill to Plaintiffs' property. (Doc. 192, 14:7-15.) It is also undisputed that

25  this trash has killed two of Plaintiffs' tenant's cows. (Doc. 192, 15:4-6.) Yet, the County

26  argues that Plaintiffs' claims relating to trash and odors from the landfill are frivolous

27  because Plaintiffs did not produce any evidence of damages. (Doc. 205, 10:24-11:2.)

28  Such a finding is not necessary. Like any property owner, Plaintiffs have a right to

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988
ATTORNEYS' FEES

Page 8

1  maintain their property free of the County's refuse, regardless of whether the refuse

2  depreciates its market value. "*A plaintiff who has proven a civil rights violation, but has*

3  *not proven actual compensable injury, is entitled as a matter of law to an award of*

4  *nominal damages*." (Tolbert v. Queens College (2nd Cir. 2001) 242 F.2d 58, 74.)

5  　　　　As to Plaintiffs' nuisance claim based on trash and odors, Plaintiffs need not

6  prove that their property was actually damaged; it is sufficient that they prove some

7  interference with the use or enjoyment of the property.  (San Diego Gas & Electric Co. v.

8  Sup. Ct. (1996) 13 Cal.4th 893, 937.)  On summary judgment, the Court expressly found

9  that Plaintiffs had provided evidence that trash and odor from the landfill interfered with

10  their property rights. (Doc. 153, 22:24-25.)  At trial, however, Court ultimately found that

11  Plaintiffs failed to show an interference with their use of the property.  Yet, the Court

12  found that the highest and best use of the property is cattle grazing. (Doc. 192, 15:1-4.)

13  And the Court also found that the County's wind-blown trash kills the cattle grazing on

14  the property.  (Doc. 192, 15:4-6.)  Thus, it requires no great leap of the imagination to

15  contemplate that the trash may "*interfere with the use of the land*."  While the claim was

16  ultimately not upheld by the Court after trial, it certainly cannot be said to have been

17  totally "*groundless*" on these facts.

18  　　　　Furthermore, in any event, nuisance is a state law claim for which fees are

19  not awardable under § 1988. (Fox, supra, 594 F.3d at 429.)

20  　　**3.    Flooding.**

21  　　　　The County argues that Plaintiffs' claims regarding flooding of their

22  property were frivolous, although the County does not explain "why" (other than to argue

23  that Plaintiffs "apparently devised a new theory" of flooding at trial).  [The County's "*new*

24  *theory*" motion was denied at trial after the Court read the operative complaint and the

25  Pretrial Order.]  (Doc. 205, 11:3-8.)  However, the County *does not* argue or demonstrate

26  that no evidence was provided regarding flooding.  It merely argues that the evidence

27  presented was successfully rebutted by the County's witnesses.  (Id.)  This is also exactly

28  what the Court found – i.e. "*Plaintiffs have not demonstrated by a preponderance of the*

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE** (559) 255-1637
Fax (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988
ATTORNEYS' FEES

Page 9

1    *evidence that the landfill floods the Crane property, and therefore they cannot recover*

2    *under any theory of liability for such flooding*."  (Doc. 192, 16:10-13 [emphasis added].)

3    Simply because Plaintiffs' proffered testimony was rebutted and they eventually failed to

4    carry their burden of proof does not mean the claim was frivolous or that the County is

5    entitled to fees.  Again, the County must show a *complete lack of evidence*, not merely

6    that the claim did not prevail.  (Hughes v. Rowe (1980) 449 U.S. 5, 14 [the fact that a

7    plaintiff may ultimately lose his case is not a sufficient justification for the assessment of

8    fees].)

9         **4.    Creeks.**

10         The County argues Plaintiffs' allegations as to maintenance of the creeks is

11    frivolous because Plaintiffs "failed to show any evidence of interference, depreciation or

12    harm to the property value."  (Doc. 205, 11:9-10.)  Preliminarily, it must be noted that the

13    Court expressly determined Plaintiffs allegations regarding maintenance, or lack thereof,

14    of the creeks raised material issues of fact, and thus the County's summary judgment

15    motion was denied as to these claims.  (Doc. 153, 27:3-7.)  Thus, the claims are not

16    "frivolous" for § 1988 purposes.

17         Furthermore, the County's argument is without merit in any event.  As set

18    forth above with respect to the "trash and odor" allegations, Plaintiffs need not necessarily

19    prove economic injury.  Plaintiffs have a right to have their property free from the debris

20    the County gathered, piled up, and left on their property, and/or failed to remove from the

21    creek/dam structures, which exacerbated any natural flooding.  "*A plaintiff who has*

22    *proven a civil rights violation, but has not proven actual compensable injury, is entitled as*

23    *a matter of law to an award of nominal damages*."  (Tolbert v. Queens College (2nd Cir.

24    2001) 242 F.2d 58, 74.)

25         Moreover, the allegations regarding the creeks underlie Plaintiffs' nuisance

26    claim.  Nuisance does not require evidence of economic damage.  It is sufficient that

27    Plaintiffs prove some interference with the use or enjoyment of the property.  (San Diego

28    Gas & Electric Co. v. Sup. Ct. (1996) 13 Cal.4th 893, 937.)

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988
ATTORNEYS' FEES

Page 10

The allegations also have evidentiary support.  The Government obtained the right to occasionally flood portions of the Plaintiffs' properties.  (See, Amendment to Declaration of Taking filed on March 16, 1993 at Joint Exhibit 230, pp. 1-21, plus attachments.)  At page 19 of the Amended Declaration, it simply describes a periodic flooding easement as follows: "(b)(ii) occasionally to overflow, flood and submerge the land lying above elevation 193.5 and to maintain mosquito control in connection with the operation and maintenance of said project..."  Joint Exhibit No. 227 is the Amended Complaint in Condemnation that was filed March 16, 1993.  At Schedule A thereto, and the legal descriptions thereto it states, "...the said land is necessary to provide for flood control in the Canal Creek and Edendale Creek basins on the Merced County Streams Project, California…"  Then at the legal description attached thereto at page 19 at paragraph (b)(2), lines 16-19 the same statement as quoted above in the Declaration is made describing "occasionally to overflow, flood…in connection with the operation and maintenance of said project."  The Plaintiffs as owners of Lots 23-31, 39-40, 43-44, 47-58, having the APN numbers set forth in the Pre-Trial Order at p. 5, line 5 through p. 6, line 12, requested an injunction requiring the Defendant to remove the debris deposited there after the periodic flooding of the Edendale and Canal Creek waterways.

An easement is a possessory interest in the land of another, by which the owner of the easement is entitled to make limited use of the land.  (Goble v. Dotson (1962) 203 Cal.App.2d 272, 277.)  An easement involves primarily the right to do a certain act on, or to the detriment of, another's property.  It is a restricted right to a specifiec, limited, definable use or activity on another's property.  (Mesnick v. Caton (1986) 183 Cal.App.3d 1248, 1261.)  The extent of an instrument is determined by the instrument's terms.  (Glass v. Gulf Oil (1970) 12 Cal.App.3d 412, 428; Civil Code §806.)  The instrument defines the limits of the easement.  (Wilson v. Abrams (1969) 1 Cal.App.3d 1030, 1034.)

The "Superintendent" of the Castle Dam Project is the County of Merced's Public Works Director.  (DX-1000, Final Operation and Maintenance Manual, pg. 10-5.)

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988
ATTORNEYS' FEES

Page 11

The County, as the Superintendent, is "*fully responsible for the continuous inspection and maintenance of the project works*" and is "*responsible for the development and maintenance of, and directly in charge of, an organization responsible for the efficient operation and maintenance of all of the structures and facilities during flood periods and for continuous inspection and maintenance of the project works during periods of low water, all without cost to the United States.*" (DX-1000, Final Operation and Maintenance Manual, pg. 3-1.)  Part of the Castle Dam includes flood easement up to the elevation of 215 feet.  (DX-1000, Final Operation and Maintenance Manual, pg. 4-3 and 4-4.)  Besides ensuring that there are no unauthorized operations within the flowage easements, the County, as Superintendent, is also responsible for "*rubbish disposal.*"  (DX-1000, Final Operation and Maintenance Manual, pg. 5-6.)  In July of 2000, the County subcontracted several of these functions to Merced Irrigation District, until June of 2009. (JX 183.)  The County, in their closing argument, claimed that it had hired, by special contract, the Merced Irrigation District to maintain the water system for the County. Irrespective of the fact that that contract contained at Exhibit 183 has expired by its own terms on June 30, 2009 (See, paragraph 4 at p. 2 of Joint Exhibit 183), the document itself really does not address or attempt to delegate flood debris clearing other than Exhibit A paragraph 5.4 where the County of Merced hired the Merced Irrigation District to inspect to insure that water gaps downstream along Edendale Creek be clear of all debris.  Then paragraph 5.4.2 merely requires a flood/flow channel inspection to ensure that conditions for channel capacity will not be hindered.

Kellie Jacobs, a County of Merced employee, oversees the "*Merced Streams Group*," the flood control project.  (Jacobs Depo.[2], 7:8-10.)  She testified that no debris and/or garbage has ever been collected from Canal and Edendale Creeks except for once when the dam was first constructed.  (Jacobs Depo., 23:20-24; 25:18-26:11.)

---

[2]    The relevant pages of Ms. Jacobs' deposition transcript is attached to the accompanying Declaration of Justin T. Campagne.

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988
ATTORNEYS' FEES                                                                 Page 12

1  As stated above, the County has never removed debris from the

2  watercourses.  As a result, when a storm event did occur, the water backed up and flooded

3  two and a half acres of the Plaintiff's almond orchard for two and half weeks in April of

4  2006. (Mary Crane Couchman Deposition ("*Couchman Depo.*")[3], 26:18-22.)  The debris

5  backed up the dam and would not allow water to go through, due to the volume of debris

6  in the "*trashracks*" in front of the dam. (Couchman Depo., 104:20-105:13.)  The water

7  was stagnant and smelled with the stench of rotting fish and filth.  (Couchman Depo.,

8  31:9-14.)  As a result, trees died and during the following year, the bark split open on

9  additional trees causing them to die as well. (Couchman Depo., 40:22-41:3.)  Bert Crane

10  also testified that in performing his farming and ranching tasks, he was forced to

11  circumnavigate the various trash and debris piles left on his property by the County, and

12  that the debris piles interfere with their grazing management practices.  (Doc. 90-1, 54:9-

13  55:14.)

14  Thus, the evidence shows that it was at least fairly debatable that the

15  County's improper maintenance of the creeks interfered with Plaintiffs' use and

16  enjoyment of their property.  Again, the Court itself held as much, and the creek claims

17  survived summary judgment. (Doc. 153, 27:3-7.)

18  **E.    A Section 1988 Award Is Not Permitted Because There Has Been No Attempt By The County To Distinguish and Allocate Between Section 1983 Work And Work On The State Law Claims.**

19

20  Even if somehow there was a factual or legal basis for awarding Defendant

21  County attorney's fees under the exceedingly high standards of 42 U.S.C. § 1988 (for

22  defending the 42 U.S.C. §1983 claim), the motion must still be denied because the County

23  has made no attempt to demonstrate and allocate fees or costs directly attributable only to

24  defending against Plaintiffs' § 1983 claim (i.e. the Seventh Cause of Action).  As the

25  County itself concedes (Doc. 205, 1:9-11), the only fees potentially available under §

26  1988 are those attributable exclusively to defending against Plaintiffs' § 1983 claim.

27

28  [3]   The relevant pages of the Ms. Couchman's deposition transcripts is attached to the accompanying Declaration of Justin T. Campagne.

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE** (559) 255-1637
FAX (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988
ATTORNEYS' FEES

Page 13

1    (Harris v. Maricopa County Sup. Ct. (9th Cir. 2011) 631 F.3d 963; 2011 U.S. App. LEXIS

2    1068 at *17; see also, Fox v. Vice (5th Cir. 2010) 594 F.3d 423, 429 ["*Because the district*

3    *court specifically restricted its award of attorneys' fees to the proceedings before it, and*

4    *because the court found that Appellees did not seek attorneys' fees for the defense of the*

5    *state law claims, we do not find its award of attorneys' fees an abuse of discretion*"

6    (emphasis added)].)

7            Here, however, the County improperly attempts to shift *its entire cost of*

8    *defending all of Plaintiffs'* causes of action to the Plaintiffs.  The summary of time and

9    fees attached to the motion does not even attempt to distinguish defense counsel's time

10   spent exclusively on the seventh cause of action Section 1983 claim from time spent on

11   defending the numerous state law claims.  (See, Docs. 205-1, 205-3, and 205-6.)  "*It is the*

12   *obligation of the party who seeks fees to document 'the appropriate hours expended at*

13   *hourly rates,' and he 'should maintain billing time records in a manner that will enable a*

14   *reviewing court to identify distinct claims.'*"  (Norris v. Sysco Corp. (9th Cir. 1999) 191

15   F.3d 1043, 1052, quoting Hensley v. Eckerhart (1983) 461 U.S. 424, 437.)  When billing

16   records do not identify the time spent exclusively defending the single federal §1983

17   claim, the motion is automatically denied.  (Id,; see also, Engrahm v. County of Colusa

18   (E.D. Cal. 2006) 2006 U.S. Dist. LEXIS 80827 at *9.)

19           Nor *could* the County have possibly distinguished what fees were incurred

20   solely and exclusively in defending the single § 1983 claim, because there *were no* extra

21   fees incurred as a result of the §1983 claim.  Plaintiffs' § 1983 cause of action was not

22   independent.  As stated in the Third Amended Complaint itself, it is based on the

23   County's trespassing onto Plaintiffs' property, the dumping of pollutants and debris on the

24   property, and the release of VOC's onto and under the property.  (Doc. 46, 28:26-29:2.)

25   Thus, the § 1983 claim is inextricably intertwined with Plaintiffs' common law and state

26   law claims for inverse condemnation, trespass, negligence, nuisance, etc.  In other words,

27   the County would have incurred the same fees and costs defending against these state law

28   inverse condemnation and state common law and state statutory law claims, even if

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988
ATTORNEYS' FEES                                                                Page 14

1    Plaintiffs had never included a § 1983 claim.  Since no extra costs are directly exclusively

2    attributable to the one § 1983 cause of action, no fees are awardable under § 1988.

3            In summary, the purpose of § 1988, insofar providing fees to a prevailing

4    defendant is concerned, is to *deter* plaintiffs from asserting completely frivolous and

5    baseless civil rights claims, "*not to make the defendant whole*."  (Bond v. Keck (E.D. Mo.

6    1986) 629 F.Supp. 225, 228.)    Accordingly, awardable fees are be limited to those

7    exclusively and solely attributable to the defense of only section 1983 claim itself.  (Harris

8    v. Maricopa County Sup. Ct. (9th Cir. 2011) 2011 U.S. App. LEXIS 1068 at *16 ["*To*

9    *reiterate, the only fees that may be awarded are those incurred for work performed*

10   *exclusively in order to provide a defense against claims for which fees are permissible*" –

11   i.e. federal civil rights claims].)   Here, since the County did not, and indeed cannot,

12   distinguish what fees it incurred as a direct result of Plaintiffs' § 1983 claim, as opposed

13   to Plaintiffs' state law and common law claims, the motion must fail in its entirety.

14   (Norris, *supra*, 191 F.3d at 1052; Engrahm, *supra*, 2006 U.S. Dist. LEXIS 80827 at *9-10

15   ["*It is the obligation of the party who seeks fees to document the appropriate hours*

16   *expended and hourly rates, and he should maintain billing time records in a manner that*

17   *will enable a reviewing court to identify distinct claims. Since Defendants' billing time*

18   *records do not identify the time spent defending Plaintiff's federal claims, Defendants'*

19   *motion for attorney fees is denied*"].)

20       **F.**    **The County Fails To Demonstrate What Attorney Work Was Done In**
                **Relation To <u>Each</u> One Of Plaintiffs' Different Individual Claims;**

21                   **Therefore, To The Extent <u>Any</u> One Of Plaintiffs' Claims Are**
                **Determined To Be Non-Frivolous, Then The County Cannot Recover**

22                   **For <u>Any</u> Work Done In Relation To That Claim.**

23           Put briefly, the County's motion is that Plaintiffs' *entire case* (all claims) is

24   frivolous and therefore the County should be awarded all of its defense fees and costs.

25   (Doc. 205, 16:20-17:2.)   The County makes no allowance for the fact that *any* part of

26   Plaintiffs' case may be non-frivolous.   The County also makes no effort whatsoever to

27   delineate what attorney fees or costs it incurred in defense of each of Plaintiffs' claims.

28   Yet, citing Tutor-Saliba v. Hailey (9th Cir. 2006) 452 F.3d 1055, the County argues that

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988
ATTORNEYS' FEES

Page 15

1   even if the Court should determine that some of Plaintiffs' claims were non-frivolous, the

2   Court could still award attorney's fees for claims that were determined to be frivolous,

3   without allocation.  (Doc. 205, 15:7-10.)

4           However, the Tutor court's holding relied on the fact that in that case, the

5   Plaintiff's "*constitutional and statutory claims were distinct and the merits of each claim*

6   *could easily be evaluated separately*."  (Tutor, at 1064.)  Furthermore, throughout the

7   entire Tudor case, "*the constitutional and statutory claims were argued separately*."

8   (Id.)[4]  Thus, in that case it was possible for the court to "*parse out*" what attorney's fees

9   were incurred as a result of the constitutional as opposed to statutory claims.  Here,

10  however, Plaintiffs' § 1983 cause of action is *not* independent and distinct.  Nor was it

11  ever argued separately.  Rather, as expressly stated in the Complaint itself, the § 1983

12  cause of action is based on the County's trespassing onto Plaintiffs' property,

13  injuring/inverse condemning, the dumping of pollutants and debris on the property, and

14  the release of VOC's onto and under the property.  (Doc. 46, 28:26-29:2.)  Thus, the §

15  1983 claim is completely dependent and intertwined with Plaintiffs' state common law

16  and state statutory law claims for trespass, negligence, nuisance, inverse condemnation,

17  etc.

18          Subsequent to the Tutor case (cited by the County), in a January 2011

19  decision, the Ninth Circuit strongly reiterated that under § 1988, (a) not only can a

20  prevailing defendant recover only just those fees "*exclusively*" attributable to a plaintiff's

21  1983 civil rights claim, but also (b) only those fees "*exclusively*" attributable to a *frivolous*

22  civil rights claim.  (Harris v. Maricopa County Sup. Ct. (9th Cir. 2011) 631 F.3d 963;

23  2011 U.S. App. LEXIS 1068 at *10)  In other words, insofar as *any* work may have been

24  done to defend against any *non*-frivolous claim, the defendant *cannot* recover those fees in

25

---

26  [4]  "*Because we conclude that Tutor's claims were not intertwined, we do not reach the question
    of whether a district court may award partial attorney's fees where frivolous claims are
27  combined with non-frivolous claims and the claims are not sufficiently distinct*."  (Tutor, at
    1064 n. 4.)  The Ninth Circuit later answer this questions with a resounding "*no*" in Harris v.
28  Maricopa County Sup. Ct. (9th Cir. 2011) 631 F.3d 963.

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988
ATTORNEYS' FEES                                                          Page 16

1  whole or in part, even if the same work was also used to defend against a frivolous claim.

2  (Id.)  The Ninth Circuit went on to explain that it is the defendant's burden to demonstrate

3  that the fees it seeks were incurred *solely and exclusively* as a result of defending against

4  the frivolous claim(s), and that as a practical matter, this burden is "*extremely difficult to*

5  *carry.*"  (Id. at *12.)

> "*Fees may be awarded only for frivolous claims, and a*
> *defendant bears the burden of establishing that the fees for*
> *which it is asking are in fact incurred solely by virtue of the*
> *need to defend against those frivolous claims. [] Accordingly,*
> *a defendant must demonstrate that the work for which it*
> *asserts that it is entitled to fees would not have been*
> *performed <u>but for</u> the inclusion of the frivolous claims in the*
> *complaint. [] Unless a prevailing defendant can establish that*
> *its attorneys would not have performed the work involved*
> *except for the need to defend against the frivolous claims*
> *(and thus would not have done the work in whole or in part in*
> *order to defend against the nonfrivolous claims), it is not*
> *entitled to the fees in question.  Where, as here, the plaintiff*
> *seeks relief for violation of his civil rights under various legal*
> *theories based on essentially the same acts, and a number of*
> *his claims are not frivolous, the burden on the defendant to*
> *establish that fees are attributable solely to the frivolous*
> *claims is from a practical stand point <u>extremely difficult</u> to*
> *carry.*"  (Id. at *10-12 [emphasis added].)

24  Finally, hammering the point home once more, the Ninth Circuit Court stated, "*If*

25  *defendants do not demonstrate that the work would not have been performed in order to*

26  *defend against the nonfrivolous civil rights, or to put it differently, but for the need to*

27  *defend against the frivolous claims, fees associated with that work cannot be awarded,*

28  *<u>even in part.</u>*"  (Id. at *16-17 [emphasis added].)  The Ninth Circuit Court went on to note

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988
ATTORNEYS' FEES

Page 17

1   that there is no need to relieve prevailing defendants from this onerous burden because

2   "*[p]revailing defendants seeking recovery of attorneys fees in civil rights cases do not,*

3   *unlike prevailing plaintiffs, vindicate important federal policy or receive fees from a*

4   *transgressor of federal law.*" (Id. at *13 n. 1.)

5          Applying these rules to this case, since the County's attorneys have done

6   nothing to delineate what work was done to defend against what claims, a finding that *any*

7   of Plaintiffs' claims were non-frivolous will preclude an award of *any* fees because the

8   County cannot show that the work in question was not done to defend against the non-

9   frivolous claim.  Practically speaking, this means that the County must show that *every*

10  claim Plaintiffs asserted was entirely frivolous, meaning completely lacking in evidence

11  (even though they survived summary judgment with Judge O'Neill).  For the numerous

12  reasons set forth above, the County has not and cannot make such a showing and this

13  motion must be denied.

14  **G.    Alternatively, The County May Not Be The "*Prevailing*" Party For 42**
    **U.S.C. § 1988 Purposes If The Landfill Gas Extraction System**
15  **Currently Being Installed Was Initiated In Response To Plaintiffs' Suit.**

16         Although the County prevailed on each of the causes of action asserted

17  against it, that does not necessarily mean it was the "*prevailing party*" for § 1988

18  purposes.  Under the "*catalyst theory*" subscribed to by the Ninth Circuit, a "prevailing

19  party" under § 1988  need not be awarded formal relief from the court.  Rather, to be a

20  "*prevailing party*," a plaintiff need only obtain *some* of the relief it sought in bringing the

21  suit, and show a causal connection between the litigation and the relief obtained from the

22  defendant.  (Durett v. Cohen (9th Cir. 1986) 790 F.2d 360, 362; Lummi Indian Tribe v.

23  Oltman (9th Cir. 1983) 720 F.2d 1124, 1125.)  Here, part of the relief Plaintiffs sought

24  was an injunction preventing the further VOC pollution or further threat of VOC pollution

25  of the property by the landfill.  (See, Doc. 46, 28:19-29:7.)  Plaintiffs' tort claim was filed

26  with the County Board of Supervisors on March 5, 2008 and April 15, 2008.  (Plaintiffs'

27  Exhibits 579 and 577.)  The Court may recall that on June 3, 2009 Defendant County

28  issued a Request for Proposal (RFP) for bidders to prepare a landfill gas collection system

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988
ATTORNEYS' FEES

Page 18

1  to extract landfill gases when the County closes Cells 1-4 and then to generate electricity

2  from the gas collected.  That RFP at page 28, projected that the amount of a landfill gas

3  generated under the closed cells 1-4 at 50% methane (cfm) would raise from 900 cfm to

4  approximately 2,800 cfm between 2009 and 2038.  (See, Figure 2-2 of the RFP at

5  Plaintiffs' Exhibit 507; and attachment C at pp. 28-29 of Plaintiffs' Exhibit 507.) The

6  County Board of Supervisors rejected all bidders and the electrical generating landfill gas

7  recovery system was not contracted.

8         The Court may further recall on September 22, 2009 the Merced County

9  Board of Supervisors again issued another Request for Proposal (RFP) for a *different*

10 landfill gas extraction system, that would simply attempt to extract the gasses and then

11 burn the gasses off upon the closures on Cell Phase 1-4 and the partial closure of Cell

12 Phase 5.  The contract was awarded to Wood Brothers, Inc., by Board action on March 30,

13 2010, with the completion of the west side extraction system scheduled to occur shortly

14 before trial was to commence.  (See, Plaintiffs' Exhibit 616 - - Note that Plaintiffs'

15 Exhibit 616 is the bid awarded and Plaintiffs' Exhibit 582 is the RFP and drawings. The

16 prior electrical bid was Plaintiffs' Exhibit 507.)[5]

17        During the trial, Counsel for the County of Merced asked the trial judge to

18 treat the aforementioned landfill gas extraction system awarded to Wood Brothers, Inc., as

19 an Evidence Rule 407 "*subsequent remedial measure.*"  Evidence Rule 407 states in

20 pertinent part, "*...when, after an injury or harm allegedly caused by an event, measures*

21 *that are taken that, if taken previously, would have made the injury or harm less likely to*

22 *occur, evidence of the subsequent measures is not admissible to prove negligence,*

23 *culpable conduct, a defect in a product, a defect in a product's design, or a need for a*

24 *warning or instruction...*"  The Court denied the Rule 407 motion because of applicable

25 exceptions as stated on the record.  But the County of Merced, by making the motion, and

26 in its opening and closing arguments, took the position that if VOCs had migrated west

27

28

[5]  Plaintiffs have subsequently requested that the Court add these facts as findings to its
Statement of Decision.  (See, Doc. 199, 6:13-7:20.)

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988
ATTORNEYS' FEES

Page 19

from the Landfill onto Lot 1 of the Cranes' property, that the extraction system would stop further future threatened migrations and "suck back" past migrations. In other words, the County of Merced argued that this extraction system was a "*subsequent remediation*" enacted by the County <u>after</u> the tort claim was filed, to prevent the threatened VOC migrations. Thus, to the extent the landfill gas extraction system was being implemented (during the trial) was partially or totally in response to Plaintiffs' suit alleging VOC migration or threatened migration, Plaintiffs rather than the County is the "*prevailing party*" for § 1988 purposes under the "*catalyst theory*" because the tort claim and suit had a causal relationship in Plaintiffs receiving "*some*" of the relief they originally sought. (<u>Durett v. Cohen</u>, *supra*,    790 F.2d at 362; <u>Lummi Indian Tribe v. Oltman</u>, *supra*, 720 F.2d at 1125.) Here, Plaintiffs filed tort claims on March 5, 2008 asking the County to do something about the Landfill's actual or threatened migrations of VOCs to the west (which had already occurred to the north and south). The County did nothing; not even file any response. So the Plaintiffs sued and sough preventative negative injunction against further threatened migration <u>or</u>, alternatively, have the County purchase Lot 1. The County Board of Supervisors then budgeted $5 million and then awarded $3.5 million bid contract to Woods Brothers to build a VOC gas "*extraction*" system along the west edge of the Landfill in an effort to stop VOCs moving west from the Landfill onto the east side of Plaintiffs' Lot 1 (under Highway 59). Woods Brothers was supposed to have completed the system just before trial. It did not. At trial, the County argued that the extraction system was a subsequent remedial measure, covered by Evidence Code §407, which motion was denied. Later, the Trial Judge ruled that regarding past migration injury (inverse condemnation purchase of Lot 1) either (a) Plaintiffs' experts had not carried their burden that migration had occurred <u>or</u> (b) the grazing land was still being used as grazing land and thus not injured to warrant a forced purchase. Regarding whether the threat of future migrations (future trespass) should be subject to a negative injunction, the Trial Judge did not address that issue in his ruling. Thus, Plaintiffs have filed a post-trial motions to the Trial Judge seeking to address various unaddressed issues.

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE** (559) 255-1637
FAX (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988
ATTORNEYS' FEES

Page 20

Now, <u>before</u> the post-trial motions have been addressed, the County (after finally finishing the extraction system) now claims the County was spending post-suit $3.5 million in an attempt to stop landfill gas migration in all directions, including west towards the Plaintiffs' property, should somehow make the County a "*prevailing party*" for 42 U.S.C. §1988 purposes.

## IV.    CONCLUSION

Simply put, for the Court to award the County *its requested entire cost of defense*, as the County now requests, the Court would have to find that: (1) Plaintiffs' suit was completely and totally frivolous, (2) that *no* evidence was offered in support of *any* of Plaintiffs' claims, and (3) that *all* of the County's fees and costs were *"exclusively attributable"* to Plaintiffs' § 1983 claim. Obviously, the Court cannot make such a finding. First, for the reasons set forth above, Plaintiffs' claims were not "*frivolous*." Plaintiffs offered evidence in support of each of its claims. That such evidence may not have eventually been credited by the Court is irrelevant under § 1988. (<u>Balk & Assoc.</u>, *supra*, 813 F.2d at 198; see also, <u>Eastway</u>, *supra*, 637 F.Supp. at 565 ["*frivolous*" equates to less than a "scintilla" of evidence].)

Second, the County cannot demonstrate that any of its fees or costs are "*exclusively attributable*" to the County's defense of the § 1983 claim. The instant § 1983 claim was based solely on, and was entirely derivative of, Plaintiffs' state law claims and common law claims. There were no extra fees incurred as a result of the inclusion of the § 1983 claim. The County would have incurred the same defense fees had Plaintiffs never even included the § 1983 cause of action.

Third and finally, the County has completely failed to demonstrate that, even if any of Plaintiffs' causes of action were frivolous (which they were not), the County incurred fees and costs attributable *solely and exclusively* to those causes of action. The Ninth Circuit has made it abundantly clear that a prevailing defendant cannot recover fees, even in part, for any work that was done in defense of *any* non-frivolous claim. The Ninth Circuit also made clear that it is the defendant's burden to demonstrate

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988
ATTORNEYS' FEES

Page 21

1    that every fee it seeks would not have been incurred *but for* the inclusion of the frivolous

2    claim (i.e. that none of the work for which it seeks fees was used in any part to defend

3    against the non-frivolous claims). This burden, as the Ninth Circuit noted, is "*extremely*

4    *difficult*" to carry. Here, Defendant County *has not even tried* to carry this burden. It has

5    simply lumped all of its fees together and asked the Court to award it the entire amount.

6    Accordingly, the Court must deny this motion in its entirety if it finds that even one of

7    Plaintiffs' claims is not frivolous.

8            In light of the foregoing, Plaintiffs respectfully request that the County's

9    §1988 motion be denied in its entirety.

10   Dated: March 30, 2011                    Respectfully Submitted,

11                                            Campagne, Campagne, & Lerner
                                             A Professional Corporation

12

13

                                             By  */s/ Justin T. Campagne*
14                                               Justin T. Campagne
                                             Attorneys for Karen Crane-McNab, LLC; Bert
15                                           Crane Orchards, L.P.; Mary Crane Couchman
                                             Trust; and Mary Crane Couchman Family
16                                           Partnership, L.P.

17   jfh:F:\DATA\docs\McNab, Karen\Hwy. 59\Pleadings\Atty Fee Mtn-Oppo-FINAL.doc

18

19

20

21

22

23

24

25

26

27

28

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

PLAINTIFFS' OPPOSITION TO COUNTY OF MERCED'S MOTION FOR 42 USC §1988
ATTORNEYS' FEES

Page 22