1  James N. Fincher, SBN 196837
   Merced County Counsel
2  Roger S. Matzkind, SBN 77331
   Chief Civil Litigator
3  James E. Stone,  SBN 197803
   Deputy County Counsel
4  2222 "M" Street, Room 309
   Merced, California  95340
5  Tel - (209) 385-7564
   Fax- (209) 726-1337
6

7  Attorneys for County of Merced

8               United States District Court

9             Eastern District of California

10 Karen Crane-McNab, Bert Crane and Mary          Case No.  1:08-CV-01218-WBS-SMS
   Crane Couchman., individuals; Karen Crane-
11 McNab, LLC; Bert Crane Orchards, L.P.;          Memorandum of Points and Authorities in
   Mary Crane Couchman Trust; and Mary             Reply to Plaintiffs' Opposition to Defendant's
12 Crane Couchman Family Partnership, L.P.,        Motion for Attorney's Fees Pursuant to 42
                                                   U.S.C. § 1988
13
                Plaintiffs,
14
15              vs.
16 County of Merced, and Does 1 to 20,            Date:  April 13, 2011
                                                  Time:  10:30 a.m.
17              Defendants.                        Courtroom:  1
18
19         Comes now Defendant County of Merced and hereby submits its reply to plaintiffs'

20 opposition to defendant's motion for attorney's fees pursuant to 42 U.S.C. §1988:

21
22
23
24
25
26
27 ///
28 ///

Merced Co. Counsel
2222 M Street
Merced, CA 95340
Tel: (209) 385-7564

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Table of Contents**

I.      Introduction and Facts ..........................................................................................1

II.     Plaintiffs' Actions During Trial, and the Lack of Evidence Presented,
        Demonstrate the Frivolous Nature of the Case.....................................................1

III.    Plaintiffs' Comparison to Rule 11 Sanctions does not Protect them
        from the Duty to pay fees ......................................................................................4

IV.     Surviving, in part, Summary Adjudication, does not Protect Plaintiffs
        from Paying fees ....................................................................................................5

V.      Plaintiffs' 42 U.S.C. § 1983 Claim was Frivolous .............................................6

VI.     Fees Have Been Allocated, and Could be Allocated Further, if
        Necessary .............................................................................................................13

VII.    Plaintiffs' Claim They are the Prevailing Party is Unsupportable ...................16

VIII.   Conclusion ...........................................................................................................17

Merced Co. Counsel
2222 M Street
Merced, CA 95340
Tel: (209) 385-7564

1

**Table of Authorities**

2

3  **Constitution**

4  U.S. Cons. 14th amend. ............................................................................. 6, 14

5

6  **Federal Cases**

7  *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978) ................................... 1, 3, 5

8  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) .................................... 4

9  *Durett v. Cohen*, 618 F.Supp.175 at 180 (E.D. Pa. 1988.) ........................... 16

10  *Durett v. Cohen*, 790 F.2d 360 (3d Cir. 1986) ........................................... 16

11  *Eastway Const. Corp. v. New York*, 637 F.Supp. 558 (S.D. N.Y. 1986) .......... 2, 3, 4, 5, 7

12  *EEOC v. Bruno's Restaurant*, 13 F.3d 285 (9th Cir. 1992) ............................ 3

13  *EEOC v. Kenneth Balk & Assoc*, 813 F.2d 197 (8th Cir. 1987) ........................ 3

14  *Engrahm v. County of Colusa*, 2006 U.S. Dist. LEXIS 80827 (E.D. Cal. 2006) .......... 15

15  *Grant v. Farnsworth*, 869 F.2d 1149 (8th Cir 1989) ................................... 5

16  *Harris v. Maricopa County Sup. Ct.*, 631 F.3d 963 (9th Cir. 2011) ................. 7, 14, 15

17  *Hughes v. Rowe*, 449 U.S. 5 (1980) .......................................................... 1

18
   *Hugo Neu-Proler Co. v. Local 13 Int'l Longshoremen, et al*,
19       2000 U.S. App. LEXIS 24825 (9th Cir. 2000) .......................................... 2

20  *Jimenez v. Maricopa Unified Sch. Dist No. 20*,
        2011 U.S. App. LEXIS 3525 (9th Cir. 2011) ........................................... 15
21
   *Lummi Indian Tribe v. Oltman*, 720 F.2d 1124 (9th Cir. 1983) ...................... 16
22
   *Maher v. Gagne*, 448 U.S. 122 (1980) ...................................................... 16
23
   *Montgomery v. Yellow Freight System, Inc.*, 671 F.2d 412 (10th Cir. 1982) ................... 7
24
   *Moosa v. Dolan Foster Enters.*, 1998 U.S. Dist. LEXIS 8609 (N.D. CA 1998) ............. 7
25
   *Moss v. AP*, 956 F.Supp. 891 (C.D. CA 1996) ......................................... 3
26
   *R.P. v. Prescott Unified Sch. Dist*, 631 F.3d 1117 (9th Cir. 2011) ................... 3
27
   *Saman v. Robbins*, 173 F.3d 1150 (9th Cir. 1999) .................................... 1
28
   *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055 (9th Cir. 2006) ................. 15, 18

Merced Co. Counsel
2222 M Street
Merced, CA 95340
Tel: (209) 385-7564

1

*Wal-Mart Stores, Inc. v. Turlock*, 483 F.Supp.2d 1023 (E.D. Cal. 2007) ........................5

2

*Zaldivar v. Los Angeles*, 780 F.2d 823 (9th Cir. 1986) ................................................4, 5

3

4

**Federal Statutes**

5

42 USC § 1983 .......................................................................... 1, 5, 6, 7, 13, 15, 16

6

42 U.S.C. §1988 ............................................... 1, 2, 4, 5, 7, 10, 14, 15, 16

7

42 U.S.C. §1988 (b).................................................................................................. 1

8

Fed. R. Civ. P. 11 ...........................................................2, 3, 4, 5, 10, 13, 16

9

Fed. R. Evid. 407..................................................................................................17

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Merced Co. Counsel
2222 M Street
Merced, CA 95340
Tel: (209) 385-7564

## I.    Introduction and Facts

Contrary to the opposition, Defendant does not contend Plaintiffs should pay attorney fees under 42 U.S.C. § 1983 simply because they lost much of their case on summary judgment and the remaining portion at trial.  They should pay because they filed and continued an action alleging matters they had not investigated and that were not supportable. As experienced, competent attorneys, Counsel knew this to be the case.  The lack of merit and their knowledge thereof are shown by the manner in which they presented, or failed to present, evidence throughout the case.  No reasonable attorney would have so proceeded. They did not prevail on their claims because, as the court may find, all or some of their claims were unreasonable, frivolous or without foundation; they were frivolous, a sham.

## II.    Plaintiffs' Actions During Trial, and the Lack of Evidence Presented, Demonstrate the Frivolous Nature of the Case

Understandably, Plaintiffs' opposition to the motion argues they need very little, a "scintilla", of evidence to escape payment of any of County's attorney fees.  This mandates further analysis of the statute which by its terms permits attorney fees to a prevailing defendant other than the United States.  (42 U.S.C. §1988 (b).)  The statute does not create the liability standard to be "unreasonable, frivolous **or** without foundation."  This limitation was court created.  (*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978) and *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).  Emphasis added.)

*Saman v. Robbins*, 173 F.3d 1150 (9th Cir, 1999) is helpful in understanding the phrase because one defendant was held by the appellate court to be entitled to the fees while others were not, though all prevailed.  This was an individual liberty type case alleging excessive force and illegal arrests against law enforcement.  The court recognized that in the Ninth Circuit, "attorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." (*Id.* at p. 1157. Citation omitted.)  The appellate court reversed the denial of attorney fees and costs under 42 U.S.C. § 1988 to the officer who participated in the crime scene investigation.  Such involvement was the extent of the claim against him. (*Id.* at pp. 1157-1158.)  The appellate court explained that the Supreme Court had set a high,

Merced Co. Counsel
2222 M Street
Merced, CA 95340
Tel: (209) 385-7564

1

Memorandum of Points and Authorities in Support of Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988
Case No. 1:08-CV-01218-WBS-SMS

1    "but not insurmountable" "hurdle", but that there, the officer showed the case against him

2    was "groundless."  (*Id.* at p. 1158.)

3        Plaintiffs cite this court to *Eastway Const. Corp. v. New York*, 637 F.Supp. 558, 565

4    (S.D.N.Y. 1986) to define "frivolous" as meaning "less than a scintilla."[1]   The full quote

5    from *Eastway, supra,* is helpful in understanding the term "frivolous":

6
7
8
9
10
11
            'Frivolous' is of the same order of magnitude as 'less than a
            scintilla.' It is defined in Webster's Third New International
            Dictionary (1967) as 'of little weight or importance: having
            no basis in law or fact: light, slight, sham, irrelevant,
            superficial.' The Oxford English Dictionary (1971) defines it
            as 'of little or no weight, value or importance; paltry;
            trumpery; not worthy of serious attention; having no
            reasonable ground or purpose . . . In pleading: Manifestly
            insufficient or futile.'[2]

12    *(Eastway, supra,* 637 F.Supp at 565)

13

14        Plaintiffs then argue, contrary to this definition, that "virtually *any* evidence" is

15    sufficient "for purposes of 1988." (Doc 218 at 4:10-11, emphasis theirs.)  Such is obviously

16    not the case in general, or here, in particular.  Were that the case, sham or perjured testimony

17    could defeat a claim for Section 1988 or Rule 11 fees and costs.  *Eastway's* explanation

18    actually pertained to Rule 11, but the court concluded, "If a claim is deemed frivolous for the

19    purpose of imposing sanctions under Rule 11, it should also be considered frivolous for the

20    purpose of imposing sanctions under section 1988." Sanctions were awarded.  (*Id.* at p.

21    584.)

22    ///

23

24   [1] The only Ninth Circuit case citing *Eastway* is *Hugo Neu-Proler Co. v. Local 13 Int'l Longshoremen, et al,*
25   2000 U.S. App. LEXIS 24825 (9th Cir. 2000), a Rule 11 case, as support that the court may consider an
     attorney's repeated offenses to raise the sanctions since Rule 11's "overriding purpose" is "deterrence". (*Id.* at
26   pp. *7-8.)

27   [2] "Trumpery" is defined by Merriam Webster Dictionary as "worthless nonsense" and gives the example as
     "claims for weight-loss products that are based much more on Madison-Avenue *trumpery* than on bariatric
28   science". http://www.merriam-webster.com/dictionary/trumpery.  This perfectly describes Plaintiffs' case and
     their presentation of Mssrs. Souther and Ross with their reliance on absurd testing procedures and conducted
     long after the action was filed. The same is applicable to the appraiser's testimony.

Merced Co. Counsel
2222 M Street
Merced, CA 95340
Tel: (209) 385-7564

2
Memorandum of Points and Authorities in Support of Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988
Case No. 1:08-CV-01218-WBS-SMS

1    The court also explained that in moving for Rule 11 sanctions, the public entity is

2    acting like an attorney general to deter frivolous actions.  (*Eastway, supra*, 637 F.Supp at

3    575.)  Such is the case here.

4    Plaintiffs cite the court to *EEOC v. Kenneth Balk & Assoc*, 813 F.2d 197 (8th Cir.

5    1987) that "some basis" is enough.  That case is cited by *Moosa v. Dolan Foster Enters.*,

6    1998 U.S. Dist. LEXIS 8609 (N.D. CA 1998) which in turn relies heavily on *Moss v. AP*,

7    956 F.Supp. 891 (C.D. CA 1996). The *Moss* court analyzed the applicability of the

8    *Christiansberg, supra*, standards for the award of attorney fees under state law.  The plaintiff

9    in an age discrimination case believed he had been replaced by younger employees as an

10   aspect of age discrimination.  As the case developed, the evidence showed there were other

11   bases for the other hirings and Plaintiff did not pursue evidence showing the contrary.  At

12   some point, he should have become "clearly aware that continued litigation was either

13   unreasonable or without foundation."  (*Moss, supra*, 956 F.Supp. at 895.)  Defendant was

14   entitled to attorney fees from that point.

15   The EEOC cases cited by Plaintiffs, and an additional case, *EEOC v. Bruno's*

16   *Restaurant*, 13 F.3d 285, 290 (9th Cir. 1992), do not hold a Plaintiff can rely on sham,

17   frivolous evidence.  In *Bruno's, supra,* the court reasoned the failure to present credible

18   evidence was not enough under *Christiansberg*, *supra*, but rather, that "…the EEOC should

19   have anticipated at the outset that none of its evidence of discriminatory conduct was

20   credible."  Here, the evidence, including the evasive and unconscionable tactics of plaintiffs,

21   of adding theories as the case progressed and the manner of obtaining evidence, show

22   Plaintiff knew at the outset, or thereafter that the evidence, if presented at all, was sham and

23   not credible.  This conduct is discussed in detail, below.

24   Plaintiffs' reliance on *R.P. v. Prescott Unified Sch. Dist*, 631 F.3d 1117 (9th Cir.

25   2011) does not change the result of the motions.  In that case, the district court found the

26   parents in an Individuals with Disabilities Education Act case had failed to prove one of the

27   elements: that they were entitled to a remedy provided by the statutory scheme (*Id.* at p.

28   1124) finding the parents' anger was their motivation.  (*Id.* at p. 1127.)  The district court

Merced Co. Counsel
2222 M Street
Merced, CA 95340
Tel: (209) 385-7564

3

Memorandum of Points and Authorities in Support of Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988
Case No. 1:08-CV-01218-WBS-SMS

awarded attorney fees to the state.  The appellate court reversed, noting the statute only provided for the award of attorney fees when the action was filed "to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation."  (*Ibid*.)  Thus, a basis was used not set forth by statute.  Other unstated statutory bases were used to award the fees. The appellate court reversed explaining there were "plausible arguments as to why they should prevail…." and repeated the obvious language that just because the Plaintiff lost does not mean the "action must have been unreasonable or without foundation."  (*Id*. at p. 1126.)

The case well explains the scenario of when attorney fees should be granted versus denied.  There the issue did not involve sham evidence or the failure to present evidence in support of the allegations.  The definition of "frivolous" provided by Plaintiffs' cited case, *Eastway, supra*, seems especially appropriate in the case at hand:  "sham", "trumpery", and "not worthy of serious attention."

### III.     Plaintiffs' Comparison to Rule 11 Sanctions does not Protect them from the Duty to pay fees

Plaintiffs cite *Zaldivar v. Los Angeles*, 780 F.2d 823, 832 (9th Cir. 1986), overruled on other grounds by *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990), that the same standard of "frivolousness" is necessary to award sanctions under FRCP 11 as under 42 U.S.C. §1988.  *Zaldivar* was a liberty type case brought under the Voting Rights Act wherein the district court ordered Rule 11 sanctions after summary judgment.  (*Zaldivar, supra*, 780 F.2d at 825.)  The appellate case noted it was early after the 1983 changes to the rule.  (*Id*. at p. 829.)  It noted the changes were part of a number of other means to deal with "inappropriate litigation tactics."  (*Id*. at p. 929, fn 5.)  It held subjective good faith was no longer protection for the violators.  (*Id*. at p. 929.)  The standard of reasonableness for the rule is that of "a competent attorney admitted to practice before the district court."  (*Id*. at p. 830.)  Important to the case at hand, the court continued:  "The signing attorney also certifies that to the best of his knowledge, information, and belief formed after reasonable inquiry, the signed document is well grounded in fact and is warranted by existing law or a good

Merced Co. Counsel
2222 M Street
Merced, CA 95340
Tel: (209) 385-7564

faith argument for the extension, modification, or reversal of existing law. In the present case, **no serious claim is made that the complaint is not supported by a foundation of facts**." (*Id*. at p. 830, emphasis added.) In the case at hand, the opposite is the case. The *Zaldivar* court then held: "We believe the district court correctly adopted and applied for purposes of Rule 11 sanctions the standard applicable for the award of fees to prevailing defendants in litigation under the civil rights acts." (*Id*. at p. 831; Citing *Christiansburg, supra*.). Importantly, the appellate court added: "We accept this formulation fully aware that no combination of abstract words may correctly apply to every case. However, the rule for the payment of fees to prevailing defendants in litigation under the civil rights acts is well known to the federal courts and to the bar. We believe an acceptable degree of certainty over a subject matter which is inherently uncertain will be best achieved by applying the same test in Rule 11 sanctions cases." (*Ibid*.) There, the issue of law was arguable and sanctions were reversed.

Thus, though Rule 11 and Section 1988 may arise at different points, and the latter would only apply to Section 1983 causes of action, the same concept applies: inappropriate litigation tactics are measured by reasonableness. No "combination of abstract words" may apply to each case, but it would seem that when the issue of factual foundation is asserted, the language of *Eastway, supra*, is especially appropriate: sham, trumpery and not worthy of serious attention. Plaintiffs cite nothing to the contrary.

## IV.    Surviving, in part, Summary Adjudication, does not Protect Plaintiffs from Paying fees

Plaintiffs contend that *Grant v. Farnsworth*, 869 F.2d 1149 (8th Cir. 1989), cited in the moving brief, does not categorically preclude the award of attorney fees when summary judgment has been denied. Defendant agrees each case must be decided on its own; summary judgment is not dispositive either way. Plaintiffs' cited cases regarding the effect of the denial of summary judgment do not state otherwise. *Wal-Mart Stores, Inc. v. Turlock*, 483 F.Supp.2d 1023 (E.D. Cal. 2007) cited by Plaintiffs, adds that the concern of the chilling effects of an award of Section 1988 fees may be *de minimus* with a corporate defendant.

Merced Co. Counsel
2222 M Street
Merced, CA 95340
Tel: (209) 385-7564

5
Memorandum of Points and Authorities in Support of Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988
Case No. 1:08-CV-01218-WBS-SMS

1   Thus, in such situations, the court should not hesitate to grant such fees when there is a

2   corporate plaintiff.  (*Id*. at p. 1028.)  Here, the plaintiffs are basically commercial ranching

3   entities, the predecessors of whom were paid over $1 million in the eminent domain action

4   pertaining to the flood easements that were involved in the case.  Thousands of acres of land

5   were shown to be owned by the various Plaintiffs as well as cattle interests and orchards.  In

6   the current economy, it is the defendant who could ill afford the defense of the action.

7   **V.    Plaintiffs' 42 U.S.C. § 1983 Claim was Frivolous**

8       Plaintiffs' opposition contends County can only recover fees "exclusively

9   attributable to Plaintiffs' §1983 cause of action for violation of federal due process."

10  Assuming, *arguendo*, this is true, the scope of that cause of action must be evaluated.  As set

11  forth in the moving papers, the seventh cause of action, styled "Violation of Due Process

12  Clause of the Fourteenth Amendment of the United States, and Title 42 U.S.C. § 1983

13  against Defendant County of Merced"  specifically incorporated "…all the factual

14  allegations contained in this Complaint." They specifically alleged the acts and omissions

15  were done "…with the specific intent and purpose of depriving Plaintiffs of their interest in

16  the subject property….all to obtain the property rights for themselves without paying any

17  just compensation to Plaintiffs as required by law."  (Doc 46 at 29:12-18.)  On September

18  25, 2008, Defendant moved to dismiss and for a more definite statement regarding that and

19  other causes of action.  (Doc 13.)  In opposition, as to the Seventh Cause of Action,

20  Plaintiffs argued the incorporation was to "avoid repetition…pertaining to the ripeness of the

21  Seventh Cause of action….Namely, the Plaintiffs have alleged a concrete and particularized

22  injury with respect to the County of Merced's trespass onto the Plaintiffs' property, and the

23  resultant pollution and harm to the [sic] of Plaintiffs' property."  (Doc. 17 at 14:7-27.)  All of

24  this is alleged as to each and every plaintiff.  At the same time, the lack of merits of each

25  claim for each Plaintiff can be separately evaluated.  As this court has noted, the case at hand

26  is divided into two parts:  the Landfill and Castle Dam/Canal Creek.  Each, especially the

27  Landfill portion, may be subdivided as distinct evidence and claims are involved.

28

Merced Co. Counsel
2222 M Street
Merced, CA 95340
Tel: (209) 385-7564

6

Memorandum of Points and Authorities in Support of Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988
Case No. 1:08-CV-01218-WBS-SMS

1    Because Plaintiffs alleged the entirety of their third amended complaint was part of

2    the 42 USC § 1983 claim, County had to defend against the entirety of the complaint in

3    order to defeat the Seventh Cause of Action.  However, they were wrong in arguing that any

4    of the allegations would have supported their claim of a violation of their constitutional

5    rights as not all allegations could support a taking.

6    Plaintiffs cite this court to *Harris v. Maricopa County Sup. Ct.*, 631 F.3d 963 (9th Cir

7    2011) in their section pertaining to the frivolous nature of the complaint.  The non-

8    applicability of that case to the case at hand is discussed in the allocations section, below, as

9    it is also heavily relied Plaintiffs in that section.

10    The sham nature of the Plaintiffs' case has been repeatedly shown and here is

11    addressed briefly, in response to Plaintiffs' opposition.

12    **VOC's**.  Here, the frivolous nature of the VOC portion of the case is not just the lack

13    of credibility of Plaintiffs' experts.  If the matter were as simple as the weight being in favor

14    of the Defendant, then the Section 1988 attorney fees would not be awarded for that claim.

15    That would be the improper scenario of awarding the fees simply because Plaintiffs lost.

16    Instead, they lost this issue for the reasons found in the *Eastway, supra*, case cited by

17    Plaintiffs, their evidence was a sham, having no basis in law or fact, of little or no weight,

18    value or importance; paltry; trumpery; not worthy of serious attention; having no reasonable

19    ground or purpose.

20    Plaintiffs again try to escape the frivolous nature of their case by citing the court to

21    such cases as *Montgomery v. Yellow Freight System, Inc.,* 671 F.2d 412, 414 (10th Cir 1982).

22    Again, this was a Title VII race discrimination type case, which, as shown above, seem to be

23    treated differently.  There, plaintiff produced some non-sham evidence to show disparate

24    treatment based on race.  *Montgomery* seems to be cited in only one Ninth Circuit case,

25    *Moosa, supra*, and is shown to be in line with County's authorities, above.

26    In the case at hand, Plaintiffs filed their action claiming VOC migration before any

27    testing.  When testing was conducted, thrice violating court order, it was conducted in a

28    location where they could expect petroleum related VOC since they sampled at the ponding

Merced Co. Counsel
2222 M Street
Merced, CA 95340
Tel: (209) 385-7564

7
Memorandum of Points and Authorities in Support of Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988
Case No. 1:08-CV-01218-WBS-SMS

1    end of runoff from the Caltrans right of way and an area frequented by gas vehicles. Defense

2    experts were not permitted to observe in two samplings and the results were concealed until

3    after expert rebuttal time has passed. Contrary to Court order, they were prohibited from

4    observing the beginning of the first sampling set up. Then, after the first report from Defense

5    experts, it was clear the testing had been conducted in a completely incompetent, or

6    intentionally wrong, manner in order to show positives.  This was repeated.  Contending

7    there was no other source, Mssrs. Souther and Ross failed to test anywhere else for such

8    would have shown the Landfill was not the source.  Thus, they had no results to support their

9    allegations, then devised sham testing to try to support their allegations.  Presuming they

10   could claim some basis to sue without testing, they certainly became aware of the lack of

11   basis as the case progressed.

12          This is further supported with the testimony of Mr. Lien and his diminution of value

13   testimony.  As the records evidence, Defendants moved for a better statement of Plaintiffs'

14   damages at the time Plaintiffs filed their initial disclosure (Doc 59) as it was obvious

15   Plaintiffs could produce nothing. No information regarding damages was provided.  As the

16   records related to that motion show, Plaintiffs stated the case was about diminution of value

17   due to contamination (Doc 63-2, Ex. I, Campagne Letter).  Plaintiffs disclosed a sham report

18   from their appraiser, Mr. Lien, then provided a second 55 page report at his deposition for

19   the first time.  This was described by Magistrate Judge Snyder as "unconscionable".  This

20   evidences the sham (AKA frivolous) nature of the "evidence" and claim.  The new report

21   was of different property and claimed the parcels had no value because they could not get

22   financing.  Then at trial, Mr. Lien so testified regarding financing, though he admitted he

23   had not checked with any lenders.  He admitted he did not follow Appraisal Institute ethical

24   standards.  On the second day of Lien's testimony, Plaintiffs' counsel sought to have Lien

25   add that he had seen Souther's report that referred to remediation costs, and that these costs

26   would reduce the value to zero.  This whole line of new questioning, which was not

27   substantively admissible, was the result of the Court's inquiry regarding remediation costs.

28   This is sham evidence and cannot assist Plaintiffs in avoiding sanctions.  It traces the

Merced Co. Counsel
2222 M Street
Merced, CA 95340
Tel: (209) 385-7564

8

Memorandum of Points and Authorities in Support of Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988
Case No. 1:08-CV-01218-WBS-SMS

1  ongoing knowledge that there was no diminution of value of the grazing land in the wetland

2  preserve, which continued to be used as such.  Of course, Plaintiffs also alleged that the

3  property could not be used for agricultural or commercial purposes due to the VOC's.

4  However, they never provided any evidence in that regard; rather, they continued to use the

5  land for grazing.  At one point, the complaint alleged emotional distress damage from the

6  concern for people eating beef grazing on the land.  However, they continued to so lease the

7  land for grazing and never presented evidence of any danger.  This would have continued to

8  have been relevant since they went to trial with the allegation the land had no agricultural

9  use.  No evidence was presented on this issue by Plaintiffs, though Defendant incurred the

10  costs of its experts, especially Dr. Damian, to disprove it.

11  As shown in the moving papers, the testimony and argument regarding remediation

12  damages further demonstrates the sham nature of Plaintiffs damages claims and required

13  allegations necessary for inverse condemnation.  Sham evidence is not evidence that protects

14  Plaintiffs.

15  **Trash and Odors**.  Plaintiffs again seek to argue if any refuse was ever shown to

16  have blown onto land owned by any of them, at any time, then they have shown some tort.

17  This was litigated and shown to be unsupportable.  The claims as to cattle are especially

18  telling as to the sham nature of the case in this regard.

19  Plaintiffs contend it is uncontested that trash from the landfill killed two of someone

20  else's cattle.  They refer to the testimony of Mr. McGill.  Mr. McGill's testimony was

21  excluded from the summary judgment because he had previously been undisclosed (Doc 153

22  at 15:18-20.).  The defense objection was further that his declaration was contrary to that of

23  the Bert Crane's testimony that no cattle had been injured from the landfill. (Doc 149.)  Mr.

24  McGill testified that two years earlier he had lost two cows which had eaten bags he

25  somehow speculated were from the landfill, as contrasted from something that might have

26  blown from somewhere else.

27  Such does not rise to the level of tortious conduct, nor anything to be enjoined.  It is a

28  sham to so argue.  Indeed, it has clearly never been a significant factor of the case.

Merced Co. Counsel
2222 M Street
Merced, CA 95340
Tel: (209) 385-7564

9

Memorandum of Points and Authorities in Support of Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988
Case No. 1:08-CV-01218-WBS-SMS

1    More importantly, Plaintiffs sought to use this evidence to support their allegations

2  that the alleged trash and odors interfered with their use of the land.  No evidence was

3  presented.  It did not affect value of the land.  Plaintiffs must be able to prove an entire cause

4  of action, or they do not have a cause of action.

5    **Flooding**.  This is a perfect example of a frivolous claim.  During the trial, Bert

6  Crane claimed the land on the west of Highway 59 floods.  This was the first time the claim

7  was asserted and was contrary to his deposition testimony admitting that the amount of water

8  naturally flowing to his property (as it always had done) was actually less than before the

9  expansion of the Landfill.  This was contrary to his deposition testimony that the only

10  problem regarding water coming to the west side was that it was muddier.  He was

11  impeached with this at trial.  The sham aspect of the testimony was further shown by his

12  inconsistency under cross examination as to where the supposed flooding occurred, finally

13  settling on the version that it was on both sides of Henderson Lateral.  The significance of

14  this was shown by the pictures of the property:  water coming from the normal flow back

15  and forth across Highway 59 could not cross the lateral, and thus it could not have come

16  from the claimed source.

17    Simply providing evidence does not escape the effects of Section 1988 (or Rule 11),

18  when the evidence is a sham.  If that were the case, the Congressional purpose behind

19  Section 1988 would be abrogated.

20    **Creeks**.  Further applying the facts, all plaintiffs argued for loss to the almond

21  orchard, owned by one plaintiff, yet the loss was in an area of a flood easement for which

22  they had been paid over $1 million as a result of an eminent domain action.  In that action,

23  they specifically raised the issue of such damages and were compensated.  They never

24  provided testimony regarding negligence in maintenance of the creeks or dam and never had

25  an expert in that regard.  More significantly, they had the duty to maintain the entire area of

26  their easement by reason of a permit obtained from the state.  The permit, as testified to by

27  Steve Dawson, specifically gave this requirement to them in favor of the County.  Indeed,

28

Merced Co. Counsel
2222 M Street
Merced, CA 95340
Tel: (209) 385-7564

10
Memorandum of Points and Authorities in Support of Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988
Case No. 1:08-CV-01218-WBS-SMS

1    the orchard was planted in violation of the permit the Plaintiffs' predecessors (individual

2    Cranes) obtained from the state.  The minimal evidence presented was a sham and trumpery.

3        Plaintiffs never showed when or where the mysterious debris was deposited, and of

4    course, every claim regarding the flood was eliminated by summary judgment due to the

5    easement.  They were already paid by the eminent domain case where the issue of debris

6    was raised.

7        Plaintiffs now cite the Court to portions of the Operations and Maintenance Manual

8    which was not presented by them at trial, but rather, Defendant.

9        As shown at trial, the Operations and Maintenance Manual from the Corps of

10   Engineers assigned to the County the task of maintaining the flow of Canal Creek.  This duty

11   was owed to the Corps and also mentioned contracting with Merced Irrigation District

12   ("MID") certain portions of the flow maintenance.  Plaintiffs refer to the allocation of duties

13   among the County and the Corps by reference to the Operations and Maintenance Manual,

14   DX 1000.  As a follow on to the section referenced by Plaintiffs, the District Engineer

15   reviews the inspection reports and notifies the Superintendent of maintenance measures the

16   District Engineer deems necessary. (DX 1000, section 3-4.)  The interrelationship was also

17   the subject of testimony at trial from Jacobs and Dawson.

18       Plaintiffs note the manual provides for "rubbish disposal" on page 5-6, para 5.4.2.

19   Of course, this is not tied to anything except the discussion of the purposes for flood flow

20   channel inspections.  In other words, they would "inspect" for obstacles that can interfere

21   with flow, including "Operations of any nature upstream…." and unauthorized operations

22   within the flowage easements. (DX 1000, para. 5.4.2.)  As Mr. Dawson testified, Plaintiffs

23   are in violation.

24       Plaintiffs state in their opposition that the Pretrial Order "clearly states" it is an

25   undisputed fact that defendant "operates and maintains waterways commonly known as

26   Canal Creek and Edendale Creek…."  In fact, the Pretrial Order expressly stated:

27            In the Court's Scheduling Conference Order (Doc. 57, at 4:25-6:21),
              the Court stated that the following is an admitted fact, which is
28            "deemed proven without further proceedings": Defendant operates

Merced Co. Counsel
2222 M Street
Merced, CA 95340
Tel: (209) 385-7564

11

Memorandum of Points and Authorities in Support of Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988
Case No. 1:08-CV-01218-WBS-SMS

> and maintains waterways commonly known as Canal Creek and
> Edendale Creek, which flow through or border property owned by
> Plaintiffs.  (Defendant now disagrees that this statement set forth in
> the scheduling Conference Order is factually accurate.)

(Doc 162 at 8:19-23)

Thus, this was clearly disputed and litigated at trial to be consistent with the Manual and permit.  Moreover, the permit obtained by the Cranes gave them the burden of maintaining the entire area of the permit, i.e., the entire flow easements, in exchange for being permitted to farm in any part of the flow easement.  This was the unrebutted testimony of Mr. Dawson, who also authenticated and explained the permits.  He explained the failure of the individual Cranes to advise the state prior to planting, a necessary step to ensure they understood what was required and that they had the approval of the County.  The unrebutted testimony was that they never obtained permission or notified the County as the permit required them to do.  Indeed, the testimony was that the County only discovered the permit while investigating this case.  A claim could not be more frivolous.

For some unknown reason, Plaintiffs now argue that the maintenance contract with MID had expired.  No evidence was presented that the contract did not continue.  Kelli Jacobs' testimony indicated to the contrary.  The County did not pick up debris from the creek because MID did so.  It is a sham to say all must be picked up, even by Plaintiffs.  Indeed, this is contrary to the mitigation requirements of the Corps of Engineers.

It should be noted Plaintiffs never showed any breaches of the obligation.  The only testimony in this regard was that Plaintiffs violated the state permit by reason of burn piles in Mary Crane Couchman's orchard.  Now, for the first time, Plaintiffs offer portions of Mary Crane Couchman's deposition.  She never testified.  The reason is clear:  she had nothing to offer.  She is not an expert.  No expert was presented regarding any breach of duty or that anything happened other than what is supposed to happen with a dam.  Undisputed fact 79 in the pretrial order states she "…cannot determine how much of the debris at the Dam from trees, sticks, and garbage debris came from her own land…"  (Doc 162 at 16:4-6.)  Undisputed fact 87 states that a permit was required to plant in the easement and that the required County approval was not obtained.  (Doc 162 at 16:22-24.)  The California Division

Merced Co. Counsel
2222 M Street
Merced, CA 95340
Tel: (209) 385-7564

1  of Dam Safety has never expressed dissatisfaction with the maintenance of the Castle Dam

2  area.  (Doc 162 at 16:26-27.)

3       Now, in opposition to the motion, Plaintiffs cite to Bert Crane's deposition.  Any

4  claim of interference was impeached by the photographs introduced into evidence showing

5  such an argument was sham.  The testimony is that the land has always been used for

6  grazing, except the illegally planted orchard. As shown in the reply to the opposition to the

7  motion for Rule 11 sanctions, Bert Crane had previously testified at his deposition that any

8  stacking of debris was done at his request to the County.  Moreover, the evidence at trial

9  showed not only Couchman's burn pile in violation of their permit, but also, a stack of

10  barbed wire, which obviously would not come down the creek, anyway.

11      Plaintiffs presented nothing to show the elements of a cause of action pertaining to

12  the Castle Dam area regardless of how it might be styled.  As the court commented during

13  defense closing:  "What are they suing you for?", or words to that effect.

14  **VI.    Fees Have Been Allocated, and Could be Allocated Further, if Necessary**

15      Plaintiffs contend movant has failed to allocate time to the Seventh Cause of Action

16  and therefore, is entitled to naught.  As set forth above, Plaintiffs chose to incorporate their

17  entire complaint into the Section 1983 cause of action.  Nevertheless, that can be divided

18  into the Landfill and Castle Dam portions.  In turn, the fees could be broken down, such as

19  for the portions at the landfill concerning VOC's and trash; the latter being negligible.

20      For example, movant can identify the time spent going to the National Archives to

21  review and obtain files from the 1993 eminent domain case used regarding the Castle Dam

22  claims.  Time speaking with the Corps of Engineers could be isolated as well as time spent

23  with employees of the Merced Irrigation District.  Similarly, time could be determined spent

24  traveling to, or speaking on the phone with, state employees regarding the Crane's duties to

25  the County and the Crane's violations of their permit.  Similarly, time can be isolated related

26  to the VOC issues, such as conversations with the defense experts who testified at trial.

27

28

Merced Co. Counsel
2222 M Street
Merced, CA 95340
Tel: (209) 385-7564

13

Memorandum of Points and Authorities in Support of Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988
Case No. 1:08-CV-01218-WBS-SMS

1    As movant believes the entire action to have been a sham, a more specific breakdown

2    would not be necessary until the court so required.  Indeed, to have done so in advance

3    would simply have required more attorney time for which Plaintiffs might have to pay.

4    Plaintiffs cite *Harris v. Maricopa County Sup. Ct.*, *supra*, 631 F.3d 963, as support

5    for their contention that if any claim is not frivolous, movant cannot recover Section 1988

6    fees.  *Harris* was a Title VII and Fourteenth Amendment sex and race individual liberty case

7    against the plaintiff's employer, the Maricopa County Superior Court.  Summary judgment

8    was granted for defendant.  The district court held some of the claims were not frivolous and

9    others were.  The issue was whether or not the court could allocation among the causes of

10   action.  Most of the civil rights claims, the defamation and tortious interference claims were

11   held by the district court to not be frivolous.  (*Id* at p. 970.)  Appropriately, the appellate

12   court's analysis displayed concern for the type of case involved and the facts. The appellate

13   opinion emphasized that the facts were "undisputed" and not simple.  (*Id*. at p. 973, fn 2.)

14   The appellate court explained at 631 F.3d at 971:

15           **In a civil rights case, such as this one**, the pro-rata allocation of
16           general fees between claims for which a fee award is appropriate and
     claims for which such an award is not appropriate, based solely on
17           the number of claims, is impermissible, for reasons that go to the
     heart of our civil rights policy. Congress and the courts have long
18           recognized that creating broad compliance with our civil rights laws,
     a policy of the "highest priority," requires that private individuals
19           bring their civil rights grievances to court. … Even when
     unsuccessful, such suits provide an important outlet for resolving
20           grievances in an orderly manner and achieving nonviolent
     resolutions of highly controversial, and often inflammatory,
21           disputes. Guaranteeing individuals an opportunity to be heard in
     court instead of leaving them only with self-help as the means of
22           remedying perceived injustices creates respect for law and
     ameliorates the injury that individuals feel when they believe that
23           they have been wronged **because society views them as inferior**.
     Our system of awarding attorneys fees in civil rights cases is in large
24           part dedicated to **encouraging individuals injured by . . .**
     **discrimination** to seek judicial relief.
25

26

27   [Citations and internal quotes omitted. Emphasis added.]

28

Merced Co. Counsel
2222 M Street
Merced, CA 95340
Tel: (209) 385-7564

14
Memorandum of Points and Authorities in Support of Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988
Case No. 1:08-CV-01218-WBS-SMS

1        The case at hand is not a civil rights discrimination case; it is commercial.  The

2    concerns of *Harris, supra*, are not extant here.  As in *Tutor-Saliba Corp. v. City of Hailey*,

3    452 F.3d 1055 (9th Cir. 2006), cited in the moving papers, the claims are distinct.

4    Moreover, as the court in *Tutor-Saliba* explained, "We reject Tutor's proposed rule, under

5    which entitlement to attorney's fees would depend not upon the district court's review of the

6    merits of a plaintiff's § 1983 claims, but upon how a plaintiff chose to draft his complaint."

7    (*Id*. at p. 1064.)

8        Importantly, in the case at hand, Section 1983 cause of action incorporated the entire

9    complaint.  Thus, any work was directed to that cause of action.  This was permitted

10   notwithstanding Defendant's earlier motion at the pleading stage.  To say that it was also

11   therefore dedicated to some other cause of action would render meaningless Congress'

12   enactment of Section 1988.  Any Plaintiff with a frivolous Section 1983 cause of action

13   would avoid deterrence and the statute by simply doing what Plaintiffs did here.

14       The dissent in *Harris, supra,* soundly argued the majority was creating a "novel 'but

15   for' award requirement" that would be "nearly impossible" and which was inconsistent with

16   *Tutor-Saliba v. Hailey*, 452 F.3d 1055 (9th Cir. 2006). (*Id.* at p. 990.)

17       *Jimenez v. Maricopa Unified Sch. Dist No. 20*, 2011 U.S. App. LEXIS 3525 (9th Cir.

18   2011), a Title VII case with accompanying state causes of action, appears  to be the only

19   Ninth Circuit appellate case citing *Harris, supra*.  All claims were related to contract

20   nonrenewal actions by the defendant.  (*Id*. at *3.)  Attorney fees were awarded after granting

21   summary judgment to the defendants.  The court referred to the entanglement issue and

22   supported the award.  (*Id*. at *4-5.)  The appellate court cited *Harris* and *Tutor-Saliba,* but

23   affirmed the fees.

24       *Harris* repeatedly cites and relies on *Tutor-Saliba*, and seems to distinguish itself

25   from *Tutor-Saliba* because in the latter case, the causes were not intertwined, but were

26   distinct and could be evaluated separately.  (*Harris, supra*, at 631 F.3d at 973, fn 2.)

27       Plaintiffs also cite the court to *Engrahm v. County of Colusa*, 2006 U.S. Dist. LEXIS

28   80827 (E.D. Cal. 2006) as authority that the movant must show exactly which time was

Merced Co. Counsel
2222 M Street
Merced, CA 95340
Tel: (209) 385-7564

15
Memorandum of Points and Authorities in Support of Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988
Case No. 1:08-CV-01218-WBS-SMS

1   spent on the 42 USC 1983 claim. First, this is just an issue of proof.  There is no statutory

2   manner by which time must accounted.  The movant only needs to produce evidence

3   enabling the calculations.  The evidence was provided in the form of a declaration

4   distinguishing between the two parts of the case, when possible.  When this was not

5   possible, the billing candidly refers to "both".  Movant believes the nature of this action and

6   the manner of pleading is such that one or both parts should be permitted.  As set forth

7   above, further breakdown could be performed as to some of the time.  The denial of some

8   time would not require the denial of all.  It is interesting to note the *Engraham* court awarded

9   Rule 11 sanctions for deterrence, though it denied Section 1988 sanctions.  (*Id.* at p. *13.)

10   **VII.    Plaintiffs' Claim They are the Prevailing Party is Unsupportable**

11   Plaintiffs' argument that they were a "prevailing party" is yet another example of

12   frivolous trumpery that the court should consider as a factor in determining the need for

13   deterrence under Rule 11.

14   First, Plaintiffs cite this court to *Durett v. Cohen*, 790 F.2d 360 (3d Cir 1986)

15   incorrectly citing it as a Ninth Circuit case.  (Doc 218 at 18:18-22.)  Second, the appellate

16   court deferred to the district court for the analysis of who "prevailed".  (*Id.* at p. 362.)  The

17   district court held that causation from the lawsuit was established in the rather complicated

18   case, as a result of a settlement agreement.  The district court noted that the Third Circuit

19   rule was a common sense appraisal of the relief, rather than the legal theories and that this

20   was "…particularly helpful in cases in which a plaintiff's claims are not resolved through the

21   trial process…." (*Durett v. Cohen*, 618 F.Supp.175 at 180 (E.D. Pa. 1988.)

22   Plaintiffs also cite to *Lummi Indian Tribe v. Oltman*, 720 F.2d 1124, 1125 (9th Cir.

23   1983).  That case again involved a case that settled.  The determination that neither party

24   prevailed was reversed and remanded for evaluation.  Plaintiffs sued to enjoin the defendants

25   from interfering with their access from fishing sites and got the same on settlement. The case

26   relied on by the appellate court, *Maher v. Gagne*, 448 U.S. 122, 129 (1980), was also a

27   settlement.

28

Merced Co. Counsel
2222 M Street
Merced, CA 95340
Tel: (209) 385-7564

16
Memorandum of Points and Authorities in Support of Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988
Case No. 1:08-CV-01218-WBS-SMS

1    In the case at hand, there was no settlement; there was a judgment after trial.

2    Moreover, the backbone of Plaintiffs' case was they suffered diminution in value to zero as a

3    result of VOC migration from the Landfill.  The court found there was no VOC migration.

4    Further, the Plaintiffs' argument regarding the landfill closure and the method of its closure

5    as being a result of their claim is not only the opposite of the evidence, but it is absurd.  The

6    unrebutted testimony of Patrick Sullivan was that he had been involved as a consultant for

7    the Landfill since 1998.  He testified as to the closure of Cells 1-4 and 5 and that they had

8    been planned for years prior to the action.  It was absolutely clear that there was no nexis

9    between anything going on at the Landfill and the lawsuit or its claims.  Fed. R. Evid. 407

10   trial objection was to preclude the same frivolous argument Plaintiffs now assert and which

11   was either denied, or withdrawn.  Even if it were not, to claim such an objection is an

12   admission is frivolous.

13   To further demonstrate the frivolous nature of the argument, at trial, Plaintiffs sought

14   to introduce through redirect examination of Mr. Lien that there were remediation costs to

15   install some sort of undescribed system on the Crane properties.  Such would not have been

16   necessary if they had attained what they wanted.   Plaintiffs' fictional novel keeps changing

17   as they see opportunity, regardless of what they said before, and regardless of reality.  Such

18   arguments indicate the need for further deterrence.

19   **VIII.   Conclusion**

20   Merced County does not seek attorney fees because Plaintiffs did not prevail.  That

21   alone is not enough under the current status of case law, though fees would be permitted

22   by the plain reading of the 42 U.S.C. § 1988.  County seeks fees because the action was

23   "unreasonable, frivolous or without foundation."  Plaintiffs either failed to produce

24   evidence on numerous issues, or presented frivolous (sham) evidence as discussed at

25   length, above.  Plaintiffs continued their presentation of frivolous claims in opposition to

26   this motion, as set forth above.

27   Although the motion contends the claims of the Seventh Cause of Action were

28   frivolous, movant provided a declaration allocating time between the two key parts of the

Merced Co. Counsel
2222 M Street
Merced, CA 95340
Tel: (209) 385-7564

17

Memorandum of Points and Authorities in Support of Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988
Case No. 1:08-CV-01218-WBS-SMS

1   case, and when time merged, referring to the time as "both".  An additional break down

2   could be provided as to some, but not all of the time, depending on the issue addressed by

3   the court.

4          The oddities of this case and what distinguishes it from most cases cited regarding

5   allocations of time are that the Seventh Cause of Action incorporated the entirety of the

6   complaint and that it is not an individual liberty civil rights type of case, such as

7   discrimination.  The incorporation of the entire case into the cause of action was permitted,

8   even though County moved in the pleading stage that such an allegation was improper.

9   Plaintiffs argued to the contrary and the incorporation was allowed to stand.  Plaintiffs

10  cannot escape liability for their actions by the manner in which they chose to plead.  (See

11  *Tutor-Saliba, supra*, 452 F.3d at 1064.)  The key aspects of the case can be separately

12  determined as they were separately argued.

13         The motion should be granted permitting County some or all of the claimed fees.

14  Dated: April 6, 2011                            James N. Fincher
15                                                  Merced County Counsel

16

17                                       By:    s/ Roger S. Matzkind
18                                              Roger S. Matzkind
                                                Chief Civil Litigator
19                                              Attorneys for County of Merced

20

21

22

23

24

25

26

27

28

Merced Co. Counsel
2222 M Street
Merced, CA 95340
Tel: (209) 385-7564

Memorandum of Points and Authorities in Support of Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988
Case No. 1:08-CV-01218-WBS-SMS