UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| KAREN CRANE-MCNAB, BERT CRANE, and MARY CRANE COUCHMAN, individuals, KAREN CRANE-MCNAB, LLC; BERT CRANE ORCHARDS, L.P.; MARY CRANE COUCHMAN TRUST; and MARY CRANE COUCHMAN FAMILY PARTNERSHIP, L.P., <br><br>    Plaintiffs, <br><br>    v. <br><br>COUNTY OF MERCED, and DOES 1 to 20, <br><br>    Defendants. <br>_____/ | NO. CIV. 1:08-1218 WBS SMS <br><br>ORDER RE: SUPPLEMENTAL ATTORNEY'S FEES |

----oo0oo----

On April 27, 2011, the court granted defendant's motion for attorney's fees pursuant to 42 U.S.C. § 1988. (Docket No. 227.) The court instructed defendant to file a supplemental declaration detailing its fees incurred after the filing of that and the other post-trial motions. Defendant has provided the required information (Docket Nos. 230, 231), which totals 63.75

1

1 hours for Mr. Matzkind and 101 hours for Mr. Stone.  Plaintiffs
2 object that the hours spent were "inflated"; however, after
3 carefully reviewing the documents and considering the complexity
4 of the post-trial motions, the court finds that the hours spent
5 were reasonable under <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433
6 (1983).  The court will award fees at the hourly rates determined
7 in its April 27, 2011, Order: $325.00 per hour for Mr. Matzkind
8 and $250.00 per hour for Mr. Stone.
9        Plaintiffs also argue that defendant should not recover
10 fees spent on defendant's Rule 11 and Rule 52(b) motions.  In its
11 Order on the parties' post-trial motions, the court declined to
12 address defendant's Rule 11 motion because it granted attorney's
13 fees under 42 U.S.C. § 1988 instead.  (Apr. 27, 2011, Order at 28
14 n.9 (Docket No. 227).)  However, defendant's Rule 11 motion,
15 which defendant served on plaintiffs on September 17, 2010,
16 prompted plaintiffs to withdraw six of the seventeen allegations
17 to which defendant objected.  (Def.'s Reply to Opp'n to Mot. for
18 Rule 11 Sanctions at 3:10-12 (Docket No. 222).)  The motion thus
19 achieved some of its intended effect, and defendant reasonably
20 continued to litigate the remaining issues in the motion as part
21 of its successful defense against what it believed were improper
22 allegations.  Similarly, while the court denied defendant's Rule
23 52(b) motion, defendant reasonably believed the motion was
24 necessary to its successful defense of the case by properly
25 preserving the record for appeal.
26        "[T]he failure to prevail on any particular issue or
27 motion does not necessarily prevent a litigant from receiving
28 fees for work associated with that issue or motion."  <u>S.A. v.</u>

2

Patterson Joint Unified Sch. Dist., No. 1:10-cv-00943 OWW SKO, 2010 WL 3069204, at *9 (E.D. Cal. Aug. 2, 2010). Because the post-trial motions were associated with defendant's successful defense of the action and defendant believed they were reasonably necessary to achieve the results obtained, the court will allow recovery of fees for those motions. See id. (citing Brandon E. v. Dep't of Educ., No. CV 07-00536, 2008 WL 4602533, at *8 (D. Haw. Oct. 16, 2008) (finding time spent on unsuccessful Rule 11 issue was reasonably necessary to achieve the result obtained and was compensable)).

Accordingly, the court will award defendant additional fees for the following hours:

| Name     | Hours  | Hourly Rate | Lodestar Amt. |
|----------|--------|-------------|---------------|
| Matzkind | 63.75  | $325.00     | $20,718.75    |
| Stone    | 101    | $250.00     | $25,250.00    |
| TOTAL    | 164.75 |             | $45,968.75    |

IT IS THEREFORE ORDERED that, in addition to those fees awarded in the court's Order of April 27, 2011 (Docket No. 227), defendant is awarded fees of $45,968.75.

DATED:  May 13, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE